May Term,
1858.

INDIANA CENTRAL RAILWAY COMPANY *v.* GAPEN.

INDIANA CEN-
TRAL RAIL-
WAY CO.
v.
GAPEN.

On appeal to the Circuit Court from a judgment by a justice of the peace, against a railroad company for killing stock, a judgment for double damages and a docket-fee, under § 3 of the act of *March* 1, 1853, is erroneous.

In a suit against a railroad company to recover damages for stock killed by their cars, at a point on their road where a highway had been established, which highway, though shown to have been abandoned by the public for two years, was not shown to have been vacated, the plaintiff must prove misconduct or negligence on the part of the company or their agents.

Monday,
May 31.

APPEAL from the *Hancock* Circuit Court.

DAVISON, J.— *Gapen* sued the railway company before a justice of the peace, to recover the value of a cow, which is alleged to have been killed by a locomotive of the company, while running on their road. Before the justice, the plaintiff recovered 25 dollars. The defendants appealed. The Circuit Court, to which the appeal was taken, assessed the plaintiff's damages at 25 dollars; and having refused a new trial, rendered a judgment in his favor for 50 dollars, double the amount assessed, and for a docket-fee of five dollars, &c.

This judgment is founded on § 3, of an act approved *March* 1, 1853; and so far as it relates to double the amount assessed, and the docket-fee, must be held erroneous, because we have decided that that section is in conflict with the constitution. *Madison, &c., Railroad Co.* v. *Whiteneck,* 8 Ind. R. 217.—Acts of 1853, p. 113.

The evidence is set out in the record, and was substantially as follows: The cow was killed on the defendants' railroad, at a place where its track had been crossed by a state road, which had been used and worked as a public highway for fifteen years prior to the construction of the railroad. About two years before the killing occurred, the state road had been removed, so as to cross the defendants' road a short distance east of the point where the cow was killed. It was not shown that such removal was authorized by any competent authority. During said two years, the state road had been abandoned by the traveling public, and was, at the time the cow was killed, used by one

*Smoot*, as a lane to pass his stock from his house, on the north side of the railroad, to his pasture, on the south side— he, *Smoot*, being the owner of the land on both sides of the lane. Plaintiff had hired *Smoot* to pasture his cow, and in passing along the lane from the pasture to the water, near *Smoot's* house, she was killed. The cow could get to the water no other way, except along the lane, which was closed at both ends on *Smoot's* land, and kept by him for his own use. The railroad track is not fenced, nor was it shown that the destruction of the cow resulted from the negligence or willful misconduct of the defendants, or their agents, &c.

The railroad not being fenced, the plaintiff would have been entitled to recover, without regard to the question whether the killing was the result of willful misconduct, or negligence, or unavoidable accident, unless the animal was killed at a place on the defendants' road where they could not rightfully erect a fence. Acts of 1853, p. 113, §§ 2, 3.— *The Lafayette, &c., Railroad Co.* v. *Shriner*, 6 Ind. R. 141. Here, the accident occurred at a point on the railroad where a state road had been established, and had been used as a public highway; and there was no evidence in any degree tending to prove that it had been vacated in any mode prescribed by law. It is true, the traveling public had abandoned it during a period of two years; but, unless it was removed by competent authority, their right to resume its use could not, it seems to us, be successfully questioned. We must, therefore, in the absence of direct proof of the state road having been legally changed, presume that it existed at the time when, and place where the animal was killed. This conclusion brings the case at bar within that of *The Lafayette, &c., Railroad Co.* v. *Shriner*, *supra*. The company could not lawfully fence their road at the place where the accident occurred. And the result is, the want of such fence cannot be held to excuse proof of willful misconduct or negligence of the defendants or their agents (1).

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*H. C. Newcomb, J. S. Harvey* and *C. H. Test*, for the appellants.

(1) See notes to *The Indianapolis, &c., Railroad Co.* v. *Caldwell*, 9 Ind. R. on p. 400, for cases.