THE INDIANAPOLIS AND CINCINNATI RAILROAD COMPANY *v.* McCLURE.

TRESPASS.—DUTY OF OWNER OF DOMESTIC ANIMALS.—The common law imposes upon the owner of domestic animals the duty of keeping them on his own land or within inclosures, and he becomes a wrong doer if any of them escape or stray off upon the lands of another person.

RAILROADS.—INJURY TO ANIMALS.—A railroad company is not liable for an animal killed on the track at a point where the company was not bound to fence, unless it was killed by the gross negligence or willful misconduct of the company's agents.

MUTUAL NEGLIGENCE.—EXCEPTION TO GENERAL RULE.—The general rule that a plaintiff cannot recover if his own negligence contributed to the injury is subject to this exception: If the wrong on the part of the defendant is

so wanton and gross as to imply a willingness to inflict the injury, the plaintiff may recover notwithstanding his own ordinary neglect. And this is always to be attributed to the defendant, if he might have avoided injuring the plaintiff, notwithstanding his own negligence.

APPEAL from the *Decatur* Circuit Court.

GREGORY, C. J.—*McClure* sued the railroad company before a justice for killing stock.

The first paragraph of the complaint charges the killing of a heifer by the locomotive and train, at a point where the track was not securely fenced.

The second paragraph charges that the defendant, by its locomotive and train of cars, on the road, at the county, &c., ran over and killed the plaintiff's cow, of the value of $50; that the cow was killed in the city of *Greensburg*, at a place where a street crosses the railroad; that by the negligence and carelessness of the defendant, the crossing at the street was so bad and out of repair that the cow could not readily get over the same, and in consequence thereof was caught by the locomotive, thrown off and killed; that at the time, the locomotive and train were carelessly and negligently run by the servants of the defendant at a high rate of speed, so as thereby to endanger the lives and property of the citizens of the city of *Greensburg*, and in consequence thereof, and because of the bad crossing aforesaid, the cow was killed.

The third paragraph charges that the defendant, by its locomotive and train of cars, on the road where it passes through *Decatur* county, about two miles east of *Greensburg*, carelessly and negligently ran over a "heifer belonging to the plaintiff, of the value of $40, and then and there so injured and crippled the heifer as that she became and was of no value, and died."

Separate demurrers were filed to each of these paragraphs. The demurrers were overruled by the court below, and this is assigned for error. Trial by jury, verdict for the plaintiff, motion for a new trial overruled. The evidence is in the record.

The cow and heifer, at the time they were killed, were running at large. The crossing where the cow was killed was somewhat out of repair, and the train was running at the rate of from ten to fifteen miles an hour. The engineer sounded the whistle at the distance of one hundred yards or more, and checked up the train. *Brunetta Bankley* heard the sound of the whistle, and went to the door to look after her cow; she saw *McClure's* cow and two others come up the *Michigan* road to the crossing, the other two passed over, and *McClure's* cow ran up the track, west; the whistle was sounding at the old grave yard; she and her son tried to scare the cow off the track, but could not succeed. The heifer was killed at the lane crossing at *Parker's* school house, about two miles east of *Greensburg*. There are cattle-guards at the crossing, but it does not appear that this lane is a public highway. The appellant claims that it is, in argument, but the appellee denies it. *McClure* resided in *Greensburg* at the time the cow and heifer were killed.

The railroad company were under no obligation to fence where the cow was killed. The common law imposes on the owner of domestic animals the duty of keeping them on his own land or within inclosures, and he becomes a wrong doer if any of them escape or stray off upon the lands of another person, and this, as a general rule, is the law in this State. *The Lafayette and Indianapolis Railroad Company* v. *Shriner*, 6 Ind. 141.

The appellant is not liable for killing the cow, unless she was killed by the gross negligence or willful misconduct of the company's agents.

Was running at the rate of from ten to fifteen miles an hour through the streets of a city, of itself, such gross negligence as will render the defendant liable?

*Waite* v. *The Eastern Railway Co.*, 96 Eng. Com. Law 719, was a suit by a child five years of age, for injuries sustained. The grandmother, with this child, procured tickets at a railroad station for the defendant's road. The platform from which the cars were entered was on the

opposite side of the track from the ticket office.    While the grandmother, with the child, was crossing the track to go to the platform, a goods train, with a tender before the engine, passed the station at its usual rate, about twenty miles an hour, struck the grandmother and child, killed the grandmother, and injured the child.    In answer to the question put to them, the jury "found that the defendant was guilty of negligence, and that the grandmother was also guilty of negligence, which contributed to the accident."    Verdict for the plaintiff.    The court set aside the verdict, because, as was said by Lord CAMPBELL, C. J., "Notwithstanding the negligence of the defendant, if she, the grandmother, had acted on this occasion with ordinary caution and prudence, neither she herself, nor the infant, would have suffered. Under such circumstances, had she survived, she could not have maintained any action against the company, and we think that the infant is so identified with her that the action in his name cannot be maintained."

In *Woolf* v. *Beard*, 34 Eng. Com. Law, 787, suit was brought for an injury occurring in *High* street, *Aldgate*, *London*.    COLERIDGE, J., in summing up, said: "The cabriolet, it is said, was coming at the rate of nine or ten miles an hour, which was a most improper pace at such an hour and in such a place.    Even a much less pace would be too fast at that time of the evening in such a place as *High* street, *Aldgate*.    If the plaintiff took reasonable and proper care, and it was on account of the extraordinary speed of the cabriolet that she could not save herself, and she thus met with the accident, she is entitled to your verdict; but if she, by her own negligence and want of care, contributed to the accident, she cannot recover in this action, even though you should think the driver of the cabriolet was driving too fast, and was therefore guilty of negligence as well as the plaintiff."

In *Hawkins* v. *Cooper*, 34 Eng. Com. Law 842, the plaintiff was crossing the *Westminster* road near *Marsh Gate*, *London*, when a cart and horse, driven by the defendant's

servant, ran against her. The horse was going at about the rate of twelve miles an hour. TINDAL, C. J. told the jury: "You will take the case into your consideration and determine for yourselves whether the injury was attributable to the negligence, carelessness and improper mode of driving of the defendant's servant. If you think it was attributable to that, and to that alone, you will find your verdict for the plaintiff and give such damages as you think proper under the circumstances. But if you think it was occasioned in any degree by the improper conduct of the plaintiff herself, in crossing in so incautious and improper a manner, in such case the defendant will be entitled to your verdict."

The exception to the rule that a plaintiff cannot recover if his own negligence contributed to the injury seems to be correctly stated by *Redfield* as follows: "If the wrong on the part of the defendant is so wanton and gross as to imply a willingness to inflict the injury, the plaintiff may recover, notwithstanding his own ordinary neglect. And this is always to be attributed to the defendant, if he might have avoided injuring the plaintiff, notwithstanding his own negligence."

In the case in judgment, the train was passing about five o'clock in the afternoon through a part of the city of *Greensburg*, not shown to be crowded; indeed it does not appear that there was any one about but Mrs. *Bankley* and her son, who were trying to drive the cow from the track. The train was checked as soon as the cow showed a determination to disregard the alarm whistle. Under such circumstances we think that although the rate of speed at which the train was running constituted carelessness, yet it was not so gross, in view of the authorities, as would bring the case at bar within the exception to the general rule.

Both the second and third paragraphs are bad because they do not allege that the negligence of the defendant, complained of, was the cause of the injury. Indeed the second expressly alleges that another cause—the bad condi-

tion of the crossing, contributed to the killing of the cow, and it does not appear that it was the duty of the defendant to keep the crossing in repair. For anything alleged, that may have been the duty of the city, or of the plaintiff himself. The third paragraph merely alleges that the defendant "carelessly and negligently ran over the heifer." See *The Toledo, Wabash, &c., R. R. Co.* v. *Bevin, post* p. 443. The court erred in overruling the demurrers to the second and third paragraphs of the complaint.

A lane is not necessarily a public highway. If the heifer was on the crossing of a public highway when she was killed, there is nothing in the record to charge the appellant with her loss; but if the railroad track could be fenced at the place at which she was killed, then there is a liability.

The judgment is reversed, with costs, and the cause remanded with directions to sustain the demurrers to the second and third paragraphs of the complaint, and for further proceedings.

*W. Cumback* and *S. A. Bonner*, for appellant.

*J. S. Scobey*, for appellee.