THE JEFFERSONVILLE, MADISON, AND INDIANAPOLIS RAILROAD
COMPANY v. BREVOORT.

RAILROADS.—*Injury to Animals.*—*Statute Construed.*—The act to provide compensation to the owners of animals killed or injured by the cars, &c. (Acts

The Jeffersonville, Madison, and Indianapolis Railroad Company *v.* Brevoort.

1863, p. 25), does not apply when the killing or injury occurs at a point at which the road cannot be legally fenced in.

SAME.—*Pleading.*—The fact that the company is not bound to fence at the place where the killing or injury occurs is purely a matter of defense, and need not be negatived in the complaint.

SAME.—*Pleading.*—*Evidence.*—Animals killed or injured at different times constitute separate and distinct causes of action, each of which should be stated in a separate paragraph of the complaint; and where the complaint indicates but one cause of action, the plaintiff should be confined, in his evidence, to a single transaction.

SAME.—*Jurisdiction.*—Two or more causes of action cannot be united in the same suit for the purpose of giving the Circuit or Common Pleas Court jurisdiction, which is wanting when the value of the animal or animals killed, or the injury done, at the same time, does not exceed fifty dollars.

APPEAL from the Bartholomew Common Pleas.

ELLIOTT, J.—Brevoort sued the Jeffersonville, Madison, and Indianapolis Railroad Company to recover the value of stock killed by a locomotive and train of the latter running on the line of its road.

A demurrer to the complaint was interposed, but overruled. Issues of fact were then formed and tried by a jury, who found for the plaintiff, and assessed his damages at one hundred and twenty-one dollars. A motion for a new trial was overruled, and judgment rendered on the verdict.

It is insisted by the railroad company, the appellant, that the court erred in overruling the demurrer to the complaint.

It is averred in the complaint, that the animals were killed on the railroad at a point where the same was not fenced. It is contended that this is not sufficient, but that the pleader should have gone further, and alleged that the killing occurred at a place where the company was bound to fence. There is nothing in the objection. The 5th section of the act (Acts 1863, p. 26) makes the railroad company liable for the value of all animals killed, &c., without regard to the question whether such killing was the result of willful misconduct or negligence, or the result of unavoidable accident. No exception is made in the section. But section 7 provides that the act shall not apply to any railroad securely fenced in, &c. And in construing the act, it has

been repeatedly held by this court, that it did not apply to a case where it appeared that the killing occurred at a point where the road could not be legally fenced in. It is purely a matter of defense, and need not be negatived in the complaint.

One of the causes for a new trial is, that the court erred in admitting certain evidence which was objected to by the appellant.

The complaint consists of a single paragraph, or cause of action. It alleges that a train of cars of the appellant ran over and killed the stock of the defendant, as follows:

| | | | | |
|---|---|---|---|---|
| 1867. | | November 14th, | one work ox of the value of | $80.00 |
| " | " | " | one steer, crippled and damaged, | 25.00 |
| " | " | " | one heifer, crippled and damaged, | 25.00 |
| " | " | " | four sheep, of the value of $3 each, | 12.00 |
| " | " | " | one sheep, crippled and damaged, | 3.00 |

It appears by a bill of exceptions that on a trial of the cause the plaintiff first introduced evidence to show the killing of the ox and heifer by the train at one time, on the 16th of November, 1867, and then introduced a witness and offered to prove the killing of the sheep of the plaintiff before the loss of the ox and heifer, and at another and different time; to which the appellant objected, on the ground that under the pleadings the plaintiff below could only prove a single transaction, or cause of action; but the court overruled the objection, and the witness thereupon testified that several days before the killing of the ox and heifer, three sheep of the plaintiff were killed by a train on the railroad, of the value of three dollars each.

This was error. The third sub-division of section 49 of the code requires that "where the complaint contains more than one cause of action, each shall be distinctly stated in a separate paragraph and numbered." It has been repeat-

edly held under the statute, that animals killed at different times constitute separate and distinct causes of action. *The Indianapolis &c. R. R. Co.* v. *Elliott,* 20 Ind. 430; *The Indianopolis &c. R. R. Co.* v. *Kercheval,* 24 Ind. 139; *The Toledo &c. R. R. Co.* v. *Tilton,* 27 Ind. 71.

Here there was nothing in the complaint to indicate that the plaintiff sought to recover for more than one cause of action, and he should have been confined, in his evidence, to a single transaction.

The evidence was improper for another reason. The court of common pleas has no jurisdiction, under the statute, unless the value of the animal or animals killed or injury done, at the same time, exceeds fifty dollars. And two or more causes of action cannot be united in the same suit for the purpose of giving the circuit or common pleas court jurisdiction. This point is fully settled in the cases above cited. The court, therefore, had no jurisdiction of the cause of action for killing the sheep, their value being less than fifty dollars, and hence the evidence should not have been admitted.

The judgment is reversed, with costs, and the cause remanded for a new trial.

*S. Stansifer* and *F. Winter,* for appellant.