The Jeffersonville, Madison, and Indianapolis Railroad Co. *v.* Parkhurst.

## THE JEFFERSONVILLE, MADISON, AND INDIANAPOLIS RAILROAD COMPANY *v.* PARKHURST.

SUPREME COURT.—*Justice of the Peace.*—*Demurrer.*—On appeal to the Supreme Court from the court of common pleas in an action commenced before a justice of the peace, no notice will be taken of the ruling of said justice on a demurrer.

RAILROAD.—*Injury to Animals.*—*Statute Construed—City.*—The statute making railroad companies liable for injuries to animals without regard to wilful misconduct, negligence, or accident, where the railroad is not fenced, applies to a place within the limits of a city where it would not be illegal or improper to maintain a fence.

*Same.*—*Evidence.*—*City.*—In an action against a railroad company to recover damages for the killing of stock by a passing train, the court instructed the jury, first, that to enable a person to recover under said statute, he must show that the place where the animal went upon the railroad was at a point where the railroad company was bound to fence the road, and that the road was not fenced at said point; or that the company was bound to maintain a cattle-guard at said place, and that such guard was not in proper condition to keep stock off the railroad; second, that said statute does not apply to the crossing of a public street or alley in a city, or a place within a city where from the necessary use of the grounds it would be unlawful or unreasonable to require the railroad company to maintain a fence; third, that a railroad company is not bound under said statute to erect and maintain cattle-guards at the crossings of public streets and alleys within the corporate limits of a city, or to fence the lots lying on either side of the railroad track between such crossings; but beyond such crossings the company is bound to maintain fences and guards, the same as outside the corporation.

*Held,* that the defendant could not complain of these instructions.

APPEAL from the Johnson Common Pleas.

PETTIT, C. J.—This suit was brought before a justice of the peace, by the appellee, against the appellant, for killing a cow by its train of cars. There was a judgment for the appellee before the justice, and appellant appealed to the said court of common pleas. Trial, and judgment for appellee in that court, from which it is brought to this court by the appellant.

The errors assigned in the record are, first, that the court erred in giving instructions, one, two, three, four, five, and six, excepted to by appellant; second, the court erred in refusing to give instruction one, asked by appellant, and ex-

cepted to; third, that the verdict was contrary to the evidence; fourth, that the court overruled the motion of appellant for a new trial; fifth, the court overruled demurrers to the first and second paragraphs of the complaint.

Upon the saying that the first shall be last, and the last shall be first, we will commence with the last assignment; and upon this it is enough to say that, as no objection in any form was taken to these paragraphs in the common pleas court, though they were demurred to before the justice of the peace, and the demurrer by that officer overruled, we cannot inquire as to their sufficiency.

We cannot reverse, affirm, or modify, the rulings or judgment of a justice of the peace brought before us in this form. We can only take notice of the proceedings of the court of common pleas.

As to the fourth assignment, we think there was no error in overruling the motion for a new trial.

As to the third assignment, we have only to say, that it is not known to our law or practice as an assignment of error, and can only be regarded as an argument or reason under the fourth assignment of error.

As to the second assignment of error, refusing to give instruction asked, which was as follows: "If the jury find from the evidence that the cow in question came upon the railroad track, and was killed, within the corporate limits of the city of Franklin, then the plaintiff cannot recover on the first paragraph of the complaint herein," there was no error in refusing to give this asked instruction. *The Indianapolis and Cincinnati R. R. Co.* v. *Parker*, 29 Ind. 471, and cases cited there.

The first assignment of error is the giving of instructions, which are as follows:

"1st. This is an action by the plaintiff against the defendant to recover damages for the killing of a cow on the track of the defendant, in Johnson county, and the plaintiff sets up in his complaint two grounds of recovery.

"2d. The first paragraph of the complaint alleges that the

The Jeffersonville, Madison, and Indianapolis Railroad Co. *v.* Parkhurst.

cow was killed at a point on the railroad where it was the duty of the defendant to fence against stock, and that the defendant had not so fenced in her track, by reason of which the cow strayed upon the track, and was thus killed.

" 3d. The second paragraph of the complaint alleges, that the defendant so carelessly and negligently ran her locomotive and cars over the road, that the cow was killed by reason of such negligence in the defendant.

" 4th. To enable the plaintiff to recover on the first paragraph of the complaint, he must show that the place where the cow strayed upon the railroad was at a point where the company were bound to fence the road, and that such point was not so fenced, or that such point was where the company were bound to maintain a cattle-guard, and that such guard was not in proper condition to keep stock off the track of the road.

" 5th. If you should find from the evidence in this case that the place where the cow got on the track was inside the corporate limits of the city of Franklin, you must further find that such place was not at the crossing of any street or alley, or at a point where, from the necessary use of the grounds, it would be unlawful or unreasonable to require the railroad company to maintain a fence, before the road would be liable for not fencing.

" 6th. The railroad company would not be bound to erect and maintain cattle-guards at the crossings of the public streets and alleys inside the corporate limits of the city of Franklin, nor would said road be bound to fence the lots lying on either side of her track between the crossings of such streets or alleys over the railroad; but beyond such crossings, the road would be bound to maintain her fences and guards, the same as if running outside the corporation."

We think and hold that there was no error in giving these instructions, and that they were clearly the law of, and proper in, the case. The appellant could not complain of them.

The judgment is affirmed, with ten per cent. damages and costs.

*G. M. Overstreet, A. B. Hunter, D. D. Banta*, and *C. By-field*, for appellant.

*S. P. Oyler* and *D. W. Howe*, for appellee.