## The Jeffersonville, Madison, and Indianapolis Railroad Company *v.* Vancant.

DEMURRER.—A demurrer to an entire complaint containing one good paragraph should be overruled.

RAILROAD.—*Stock Killed.*—*Fencing.*—A complaint against a railroad company for killing stock, the road not being securely fenced, need not aver that the road could have been lawfully fenced at the point where the injury occurred.

INSTRUCTIONS TO JURY.—*Signing.*—If instructions are given by the judge of his own motion, he must sign them; if asked by either party, they must be signed by him or his attorney.

APPEAL from the Morgan Common Pleas.

PETTIT, C. J.—This suit was brought in the county of Johnson, where the injury was done, and changed to Morgan county, on the application by affidavit of the appellant that she could not have a fair trial, etc., for the killing of a mare by the engine and cars of the appellant.

The complaint was in two paragraphs; first, that the killing was at a point where the road was not securely fenced; second, that the killing was by gross negligence and carelessness. Demurrer to the whole complaint for want of sufficient facts overruled and exception. It is admitted that the second paragraph is good; but it is contended that the first is bad, because it does not state that the road could, and lawfully might, have been fenced at the place of the killing. This averment is unnecessary, 30 Ind. 324, but if it were, the demurrer was to the whole complaint, and if it had one good paragraph, which is admitted, it was properly overruled. A demurrer to a whole complaint, or to a whole answer, if either has a good paragraph, should be overruled.

The answer was in two paragraphs; first, general denial; second, "for further answer to the second paragraph of the plaintiff's complaint, says that the place in said county where the alleged killing and damage therein mentioned occurred, was within the corporate limits of the town of Edinburg; that the animal therein mentioned strayed, through the negligence of the plaintiff, upon the track of the defendant's road where a street or alley intersects the same in said

town, and without fault or neglect of the defendant or her agents or servants in that behalf, was killed; that said killing occurred in the night time; and that the streets and alleys of said town of Edinburg, within the corporate limits thereof, are so numerous and close together, that defendant ought not to and cannot fence her road within the corporate limits of said town."

To the second paragraph of the answer there was a reply of general denial, trial by jury, verdict for plaintiff, and, over a motion for a new trial, judgment on the verdict.

The causes set out for a new trial are, "first, in overruling defendant's motion to strike out first paragraph of plaintiff's complaint; second, overruling plaintiff's demurrer to the first paragraph of the complaint; third, excessive damages; fourth, error in the assessment of the amount of the verdict of the jury, being too large; fifth, that the verdict of the jury is not sustained by sufficient evidence; sixth, that the verdict is contrary to law; seventh, error of law occurring at the trial and excepted to by defendant, in the instructions given by the court on its own motion, and asked by plaintiff, and which were all excepted to by defendant; eighth, the court erred in refusing to instruct the jury, as asked by the defendant."

We have above disposed of the first and second alleged causes, but we hold that they are not causes for a new trial. As to the third, fourth, fifth, and sixth reasons for a new trial, we have only to say that we cannot see by the record that the damage is excessive; or that there was error in the assessment of the amount of the verdict; or that the verdict is not sustained by sufficient evidence; or that the verdict is contrary to law.

As to the seventh cause, the instructions are not in a bill of exceptions, nor are they signed by the judge, or by the party asking them or his attorney. If given by the judge on his own motion, he must sign them; if asked by a party, he or his attorney must sign them. 2 G. & H. 198, sec. 324;

and we cannot consider them, though they are copied into the transcript by the clerk.

As to the eighth reason for a new trial, we have to say that the transcript does not show any instructions were asked by the defendant and refused by the court. We are satisfied that no injustice was done to the appellant by the court below, or error committed of which he can complain, and we cannot reverse the judgment. 2 G. & H. 122 and 278, secs. 101 and 580.

The judgment is affirmed, at the costs of the appellant, with five per cent. damages.

*G. M. Overstreet, A. B. Hunter, W. R. Harrison,* and *W. S. Shirley,* for appellant.

*C. F. McNutt* and *G. W. Grubbs,* for appellee.