The Jeffersonville, Madison, and Indianapolis R. R. Co. *v.* Huber.

We think it quite clear that the ruling of the court was wrong. Costs follow judgment in the common pleas or circuit court on appeal from the judgment of a justice of the peace, as a general rule. 2 G. H. 597, sec. 70. There are two exceptions to the rule, but this case does not fall within either of them.

The judgment as to costs is reversed, with costs, and the case remanded, with instructions to render judgment in favor of the appellant for full costs.

*J. E. McDonald*, *J. M. Butler*, and *E. M. McDonald*, for appellant.

———•———

## THE JEFFERSONVILLE, MADISON, AND INDIANAPOLIS RAILROAD COMPANY *v.* HUBER.

RAILROAD.—*Injury to Animal.*—*Fence.*—Where an animal is killed on a railroad at a point where the railroad crosses a public highway, where the road cannot be legally fenced, the owner of the animal cannot recover on account of the road not being fenced.

SAME.—*Negligence.*—To entitle the owner of an animal killed on a railroad, at a point where the road could not be legally fenced, to recover therefor, he must show negligence on the part of the railroad company and the absence of negligence on his part.

SAME.—Where the owner of an animal has been guilty of such negligence as to allow it to stray upon the track of a railroad at a point where it cannot be legally fenced, and it is killed, he cannot recover unless the animal was killed by the gross negligence or wilfulness of the railroad company.

APPEAL from the Morgan Common Pleas.

DOWNEY, J.—This was an action brought by the appellee against the appellant, before a justice of the peace of Johnson county, to recover the value of a cow, owned by the plaintiff, which was killed by the cars of the railroad company on its railroad track. The right to recover in the first paragraph of the complaint is based on the failure of the railroad company to fence its road; and, in the second paragraph, on the negligence of the company.

After a judgment for the plaintiff before the justice of the peace, the company appealed to the Johnson Common Pleas. In that court there was a trial by jury, a verdict for the plaintiff, a new trial granted on motion of the defendant, another trial by jury, in which the jury failed to agree, and a change of venue granted, on the application of the defendant, to the Morgan Common Pleas. In the last named court there was a trial by jury, a verdict for the plaintiff, a motion by the defendant for a new trial overruled, and final judgment rendered for the plaintiff. The evidence and instructions are in the record by a bill of exceptions.

Among the reasons for a new trial, it was urged that the court had erred in its direction to the jury, and that the evidence was not sufficient to sustain the verdict.

The error assigned is, that the court improperly overruled the motion of the defendant for a new trial.

We think it quite clear that the first paragraph of the complaint was not sustained by the evidence. The animal was killed at a point where the railroad crosses a public highway and where, consequently, the company could not legally fence its road. The plaintiff resided in the city of Franklin, two squares from the railroad, and there are streets and alleys leading from where she lived to the railroad. The cow was milked about five o'clock in the evening, and allowed to stray off and go upon the railroad, where she was killed at about six o'clock the same evening by a passing train. The evidence showed that the train was running at the rate of about twenty miles an hour, and that those in charge of it did not slacken the speed of the train, blow the whistle, or ring the bell. It was not shown that those managing the train saw the cow in time to make use of any means to prevent the collision. To recover on the second paragraph of the complaint, it was not only necessary that the plaintiff should show negligence on the part of the defendant, but also the absence of negligence on her part. According to the case of *The Indianapolis, etc., R. R. Co.* v. *Harter*, 38 Ind. 557, decided by this court, the plaintiff was

guilty of such negligence in allowing the cow to stray upon the track of the railroad at a point where it could not legally be fenced, that she can not maintain the action, unless the animal had been killed by the gross negligence or wilfulness of the defendant.

The defendant requested the court to give the following instruction, which the court refused to give: "If you believe from the evidence that the state road was fifty feet wide at the point where the same crosses the defendant's road, the defendant is not required to fence her road inside of said fifty feet, and if plaintiff's cow passed on to defendant's road, and was struck by the engine at the crossing of said state road and defendant's road, and inside of said fifty feet of state road, the defendant is not liable for the killing of said cow, unless you should find that the defendant was guilty of gross negligence." In our opinion this instruction, when considered in connection with the evidence of negligence on the part of the plaintiff, in allowing the cow to stray upon the railroad, is correct, and should have been given.    Owners of cattle residing and keeping their cattle in the vicinity of points upon the line of railroads where the companies can not legally fence their roads, must be charged with the duty of taking some care to keep them off the railroads.

The judgment is reversed, with costs, and the cause remanded, with instructions to grant a new trial.

*G. M. Overstreet, A. B. Hunter, T. W. Woolen,* and *C. Byfield,* for appellant.

*W. C. Sandefur* and *G. M. Overstreet, Jr.,* for appellee.