## THE PITTSBURGH, CINCINNATI, AND ST. LOUIS RAILWAY CO. *v.* BOWYER.

RAILROAD.—*Fence.—Killing Animals.*—A cow got upon a railroad track and was killed by a passing locomotive, at a point on said railroad where there was a saw-mill located and in operation fifty feet from said track, the intervening ground between said track and said mill being used by the owners of the mill for piling their lumber and for loading lumber upon the cars of the railroad company for transportation, and by the public for passing to and from said mill with logs and lumber, and for piling wood to be sold to the railroad company.

*Held,* that the railroad company was not bound to fence in the track at such point, and, in the absence of negligence, was not liable for the killing of the cow.

From the Cass Circuit Court.

*N. O. Ross,* for appellant.

PETTIT, J.—This was a suit by the appellee against the appellant for killing a cow by its locomotive. The case was tried by the court, and at the request of the defendant, the following special findings and conclusions of law were made :

" 1st. The court finds that the cow of the plaintiff was struck and killed by the locomotive of the defendant, while being run upon the railroad of the defendant, in Cass county, Indiana, on or about the — day of May, 1871, and that said cow was of the value of fifty dollars.

" 2d. That the cow got upon said railroad track and was killed at a point on said railroad where there was a saw-mill located and in operation some fifty or sixty feet north of said track, and the intervening ground between said mill and said track was used by the owners of said mill for piling their lumber, and for loading lumber on the cars of the defendant for transportation, and by the public for passing to and from said mill with logs and lumber, and for piling wood intended to be sold to the railroad.

" 3d. That said railroad was not securely fenced in at the point where said cow got upon the track of said road and was killed.

" 4th. That the defendant was guilty of no negligence in killing said cow, except in not having the railroad securely fenced.

" Conclusions of law upon the foregoing facts. 1st. That the defendant was bound to fence in said railroad at the point where said cow entered upon said track and was killed. 2d. That the plaintiff ought to recover of the defendant the sum of fifty dollars, the value of the cow killed."

Proper exception was taken to the conclusions of law.

We hold that the conclusions of law on the facts found are erroneous, and cite, as directly in point, *The Indianapolis and Cincinnati R. R. Co.* v. *Kinney*, 8 Ind. 402 ; *The Indianapolis and Cincinnati R. R. Co.* v. *Oestel*, 20 Ind. 231 ; *The Jeffersonville, Madison, and Indianapolis R. R. Co.* v. *Beatty*, 36 Ind. 15 ; *The Cleveland, Columbus, Cincinnati, and Indianapolis Railway Co.* v. *Crossley*, 36 Ind. 370.

The judgment is reversed, at the costs of the appellee, with instructions to the court below to hold as conclusions of law on the facts found, that the appellant was not bound to fence at that place, and not liable in damages for killing the cow, and to render judgment for the defendant.