## The Ohio and Mississippi Railway Company *v.* McClure, Administratrix.

RAILROAD.—*Liability for Killing Stock.*—In a complaint against a railroad company to recover under the statute the value of an animal killed by the cars of such company, it is sufficient to allege that the railroad was not fenced at the place, etc. If the killing was at a point where the company was not required to fence its track, that is a matter of defence, and need not be negatived in the complaint.

DEMURRER.—*Misjoinder of Causes.*—No judgment can be reversed for error in overruling or sustaining a demurrer for misjoinder of causes of action.

PLEADING.— *Uncertainty.*—If it be doubtful from the complaint whether a plaintiff sues in his individual capacity or in a representative capacity, the defendant's remedy is by motion to make the allegation more certain and specific, and not by demurrer.

From the Vanderburgh Circuit Court.

*W. H. DeWolf, T. Gazlay, J. M. Shackelford,* and *R. D. Richardson,* for appellant.

*G. G. Reily* and *W. C. Johnson,* for appellee.

OSBORN, J.—This action was commenced before a justice of the peace of Knox county. The complaint is in three paragraphs. Separate demurrers were filed to each paragraph, on the ground that neither paragraph of the complaint stated facts sufficient to constitute a cause of action.

2d. That several causes of action were improperly united in one complaint.

3d. That there was a defect of parties.

The cause was tried by the justice without passing upon the demurrer, who found for the appellee, assessed her damages at twenty-five dollars, and rendered judgment for that amount and costs against the appellant. The cause was taken by appeal to the Knox Circuit Court, and on the application of the appellant the venue was changed to the Vanderburgh Circuit Court. In that court the demurrer to the complaint was overruled. The cause was tried by the court, who found for the appellee, assessed her damages at twenty-two dollars and fifty cents, and, over a motion for a new trial, rendered final judgment on the finding against the appellant.

Proper exceptions were taken to the rulings of the court, and by the motion for a new trial and the assignments of error they are brought before this court for examination.

The action was instituted to recover the value of a calf, alleged to have been killed and injured by the locomotive and cars of the appellant. Each of the paragraphs alleges that the calf was killed at a point on the railroad of the appellant where it was not fenced. It is contended that the averment is not sufficient; that it should allege that the killing and injury occurred where the company was bound to fence its road.

In *The Jeffersonville, etc., R. R. Co.* v. *Brevoort,* 30 Ind. 324, it was held that an allegation that the animal was killed at a point where the railroad was not fenced was sufficient. If the company was not bound to fence at the place where the killing occurred, it was purely a matter of defence, and need not be negatived in the complaint.

That case was followed and approved in *The Jeffersonville, etc., R. R. Co.* v. *Vancant,* 40 Ind. 233.

To the same effect is *The Pittsburgh, etc., R. R. Co.* v. *Brown,* 44 Ind. 409. *The Bellefontaine Railway Co.* v. *Reed,* 33 Ind. 476, is very similar to the case at bar. *The Ohio and Mississippi R. W. Co.* v. *Miller,* 46 Ind. 215.

The objection that several causes of action were united in the same complaint can not avail the appellant in this court, even if it had been well taken in the court below. It is expressly enacted that no judgment shall ever be reversed for any error committed in sustaining or overruling a demurrer for misjoinder of causes of action. 2 G. & H. 81, sec. 52; *Luark* v. *Malone,* 34 Ind. 444, 447; *Fritz* v. *Fritz,* 23 Ind. 388, 390; *Rutherford* v. *Moore,* 24 Ind. 311, 312.

It is urged that there is a defect of parties, because it is contended that in two of the paragraphs of the complaint the appellee sues as administratrix, etc., and that in the other she alleges ownership in the animal in her own right. We do not think the alleged defect exists. The appellee sued as administratrix, and we think that, considered as a complaint

filed before a justice of the peace, the allegations of owner-
ship may well be considered with reference to the character
in which she brought the suit.   If there was any uncertainty,
the appellant's remedy was by a motion to make the allega-
tion more certain and specific.

After reading the evidence, we have concluded that we
ought not to disturb the finding of the court.   Perhaps we
might not have found as that court did on the evidence, but
the finding is not so clearly wrong that we can say that the
court erred in overruling the motion for a new trial, on the
ground that the finding was not sustained by sufficient evi-
dence.   No other ground is urged in this court.

The judgment of the said Vanderburgh Circuit Court is
affirmed, with costs.