The Indianapolis, Peru and Chicago R. W. Co. *v.* Crandall.

---

58  365
124  213

THE INDIANAPOLIS, PERU AND CHICAGO R. W. CO. *v.*
CRANDALL.

RAILROAD.—*Killing Stock.—Defence.—Evidence.*—On the trial of an action against a railroad company for killing stock, it is competent for the defendant to prove that the land on each side of the place where the stock was killed had long been necessarily used as a public way for the transaction of the business of the defendant with the public, and that it adjoins her depot, and also belongs to her.

From the La Porte Circuit Court.

*D. Moss,* for appellant.

BIDDLE, C. J.—Suit commenced before a justice of the peace in St. Joseph county, under the act of March 4th, 1863, 1 R. S. 1876, p. 751, by the appellee, against the appellant, for killing a cow with an engine and cars, on the railroad track.

Appeal from the justice to the St. Joseph Circuit Court, and a transfer of the case by a change of venue to the La Porte Circuit Court, wherein the case was tried, and a judgment rendered against the appellant. Appeal to this court. The questions of law and fact were properly reserved in the record, and are presented here by assignments of error.

At the trial the appellant offered to prove, in the defence, the following facts by a competent witness:

" That the land between the depot, on each side of the track where the cow was killed, has been travelled by the public five or six years to some extent; that it was opposite to and adjoining the depot grounds, and that it was necessary to be used as a public passage and roadway for the accommodation of the defendant and persons dealing with her; that it has been so used since the organization of the company; that it will be a serious inconvenience, both to the company and the people, to close the said right of way by fence or otherwise; that the said land is a part of the defendant's road."

Upon the objection of the appellee to the above evidence, the court refused to allow the appellant to prove the above facts. The proper exceptions were reserved to the ruling. In this we think the court erred. The evidence tended to prove, that, at the place where the cow was killed, the appellant was not obliged to fence in the railroad; and, if so, the appellant was not liable, under the statute, for killing the cow.

This question has been frequently decided by this court. *The Lafayette. and Indianapolis R. R. Co.* v. *Shriner*, 6 Ind. 141; *The Indianapolis and Cincinnati R. R. Co.* v. *Kinney,* 8 Ind. 402; *Indiana Central Railway Co.* v. *Gapen*, 10 Ind. 292; *The Indianapolis and Cincinnati R. R. Co.* v. *Oestel*, 20 Ind. 231; *The Indianapolis and Cincinnati R. R. Co.* v. *McClure*, 26 Ind. 370; *The Indianapolis and Cincinnati R. R. Co.* v. *Parker*, 29 Ind. 471; *The Jeffersonville, Madison and Indianapolis R. R. Co.* v. *Brevoort*,

30 Ind. 324; *The Jeffersonville, Madison and Indianapolis R. R. Co.* v. *Parkhurst*, 34 Ind. 501; *The Jeffersonville, Madison and Indianapolis R R. Co.* v. *Beatty*, 36 Ind. 15; *The Jeffersonville, Madison and Indianapolis R. R. Co.* v. *Huber*, 42 Ind. 173; *The Indianapolis and St. Louis R. R. Co.* v. *Christy*, 43 Ind. 143; *The Jeffersonville, Madison and Indianapolis R. R. Co.* v. *Adams*, 43 Ind. 402; *The Toledo, Wabash and Western R W Co* v. *Owen*, 43 Ind. 405; *The Pittsburgh, Cincinnati and St. Louis R. W. Co.* v. *Bowyer*, 45 Ind. 496; *The Ohio and Mississippi R. W. Co.* v. *McClure*, 47 Ind. 317.

As the case must be remanded for a new trial, we do not express any opinion as to the sufficiency of the evidence to sustain the verdict.

The judgment is reversed, with costs; cause remanded with instructions to sustain the motion for a new trial, and for further proceedings.