The Wabash Railway Company v. Forshee.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment below be affirmed, at the costs of the appellant.

---

No. 7558.

THE WABASH RAILWAY COMPANY v. FORSHEE.

RAILROAD.—*Animals.*—*Fence.*—If stock comes upon a railroad track where it is unfenced, and where it is the duty of the company to maintain a fence, and wanders to and is killed at a place where it is not the duty to fence, the company is liable.

SAME.—*Pleading.*—*Complaint.*—In a complaint to recover for stock killed by a locomotive upon a railroad track, an allegation that the track was not fenced where the animal was killed is not necessary.

SAME.—*Town.*—*Excuse for Not Fencing.*—A railroad company is not excused from fencing its track merely because it is within the limits of a town, unless it be a place where a fence would be unreasonable or improper.

SAME.—*Highway.*—*Right of Way.*—*Town.*—Where a railway, on an embankment, and a highway run parallel, with a creek between, and a fence had been maintained between them, the railroad company is not excused from rebuilding and maintaining its fence because it will occupy a part of its right of way, or because the place is within a town.

SAME.—*Failure of Proof.*—*Material Allegations.*—On trial of an action against a railroad company for killing plaintiff's animal, on its road, with its locomotive, a failure to prove that the defendant was operating the road, and that it ran one of its locomotives thereon against the animal and killed it, as alleged, was a failure to prove two of the material allegations of the complaint.

SAME.—*Appearance and Defence.*—*Admission.*—In such case, the defendant's appearance and defence of the action against it do not constitute an admission of the cause of action, and can not supply a deficiency in the proof of material allegations.

From the Huntington Circuit Court.

C. B. *Stuart*, for appellant.
B. M. *Cobb*, for appellee.

BICKNELL, C. C.—This was an action by the appellee against the appellant, commenced before a justice of the peace, and appealed to the circuit court.

The complaint was as follows: "Gabriel Forshee complains of the Wabash Railway Company, and says, that, on the 5th day of July, 1877, the said defendant was controlling and operating a line of railway, styled and known as the Wabash Railway, through the county of Huntington and State of Indiana, and that one bay mare, the property of the plaintiff, of the value of $100, without fault of the plaintiff, strayed upon the track of the said railway, and that said defendant, carelessly and negligently, on the 5th day of July, 1877, at the county and State aforesaid, did then and there run one of their locomotives against the said mare, killing her, and the place, where the grievance complained of was committed by defendants, was at a point where said company was by law bound to fence their road, and plaintiff avers that, for more than one year before said animal was killed, defendant failed, refused and neglected to maintain a good and sufficient fence along the line of said road, to the damage of the plaintiff in the sum of $100."

A demurrer to this complaint, for want of sufficient facts, etc., was overruled, and the defendant answered by a general denial. The issue was tried by a jury, who found for the plaintiff, $90. The defendant moved for a new trial, alleging:

1st. That the verdict is not supported by the evidence;

2d. That the verdict is contrary to the evidence;

3d. That the verdict is contrary to law;

4th. That the damages are excessive.

This motion was overruled, and a motion in arrest of judgment was overruled. There was a judgment for the plaintiff upon the verdict.

The defendant appeals and assigns errors:

1st. In overruling the demurrer to the complaint;

2d. In overruling the motion for a new trial;

3d. In overruling the motion in arrest of judgment.

The appellant claims that the complaint was not sufficient in this, that it fails to allege "that the railway was not fenced where the animal was killed." Such an allegation is not necessary. "If stock comes on to a road where it is the duty to fence, and wanders to, and is killed at, a place where it is not the duty to fence, still the company is liable." The Toledo, etc., R. W. Co. v. Howell, 38 Ind. 447; The Jeffersonville, etc., R. R. Co. v. Lyon, 72 Ind. 107. The complaint was sufficient before a justice of the peace. There was no error in overruling the demurrer to it, nor in overruling the motion in arrest of judgment. The Toledo, etc., R. W. Co. v. Stevens, 63 Ind. 337; The Ohio, etc., R. W. Co. v. Miller, 46 Ind. 215; The Indianapolis, etc., R. R. Co. v. Adkins, 23 Ind. 340.

In discussing the motion for a new trial, the appellant's counsel makes no point in reference to excessive damages. The fourth reason alleged for a new trial is therefore regarded as waived. The other reasons for a new trial may be considered together. It was proved that the place where the injury occurred was within the limits of the town of Antioch. The appellant's counsel claims that there was no evidence that the animal was killed by the appellant, or was struck by any locomotive or train of cars. He also claims that it appears in evidence, that, where the injury occurred, a public highway runs parallel with the railway, and that the track can not be fenced there without depriving the public of the use of the highway, and that the space between the highway and the railway track is occupied by Loon creek, and that, as the track is on an embankment, it could not have been fenced. Upon these points the testimony was as follows:

Gabriel Forshee testified: "I had a young mare killed there, about thirty rods below the cattle-guard, which is be-

low the town of Antioch; the fence was down where the mare lay dead; there were three gaps in the fence along there; the fence had been bad for a year previous. The highway runs alongside of the railroad where the mare was killed; it happened inside of the town of Antioch; no lots or streets are laid out where the mare was killed.''

.Samuel Bellman testified: ''I saw the mare after she was dead; I found her about thirty-five rods below the cattle-guard at Antioch. I saw some tracks on the railroad; the mare was lying at the bottom of the bank; it was about the 5th of July, 1877. She was wounded in her hind quarters; looked as if she had been hit with something; the fence had been down for a year or more on the north side; there were several gaps there; the highway and the railroad are close together.''

John W. Rhaney testified: ''I saw the mare lying there early in the morning; she was near the railing; injured in the hip. The bank was eight feet high; it was one hundred and sixty-five steps below the cattle-guard to where the mare was lying; the road had been fenced, but the fence was down at this time.''

William Gift testified: ''About July 5th I saw the mare lying in the creek twenty-two feet from the south rail, five hundred and twenty-one and a half feet from the cattle-guard; the highway was on the south side and near the track; she looked as if she had been injured in the hip.''

Peter Manson testified: ''The fence was torn down where she was dead, and had been for over a year; there was a public road next to the railroad, and the fence had been torn down between.''

The plaintiff here admitted in open court that the mare was killed inside the limits of the town of Antioch.

A. Adams testified: ''I am roadmaster, and I am well acquainted with the ground where the mare of Forshee was killed. The right of way of the railroad extends to the mid-

dle of the public highway ; could not fence the railroad without fencing in a part of the highway ; I measured it, and such is the fact ; Loon creek runs between the railroad and the county road, and takes up all the space, so it could not be fenced.''

The foregoing was all the evidence upon the points now under consideration.

In a case of this kind, there is no liability where the animal was not struck by any locomotive, car, or other carriage of the company. *The Peru, etc., R. R. Co.* v. *Hasket*, 10 Ind. 409. This case arose under the statute of 1853. The same construction has been given to the statute of March 4th, 1863., 1 R. S. 1876, p. 751 ; *The Indianapolis, etc., R. W. Co.* v. *McBrown*, 46 Ind. 229 ; *The Baltimore, etc., R. W. Co.* v. *Thomas*, 60 Ind. 107 ; *The Louisville, etc., R. W. Co.* v. *Smith*, 58 Ind. 575. The testimony hereinbefore set forth tends to show that the mare was killed upon the railway, and was struck by a locomotive, car or carriage, in operation thereupon, and this court will not question the sufficiency of such evidence, if the jury has been satisfied by it. *The Evansville, etc., R. R. Co.* v. *Snapp*, 61 Ind. 303.

A railroad company is not bound to fence its track at the crossing of a public street in a city. *The Lafayette, etc., R. R. Co.* v. *Shriner*, 6 Ind. 141 ; *The Indianapolis, etc., R. R. Co.* v. *McClure*, 26 Ind. 370. But this exception to the general obligation of such companies does not apply to all places in cities or towns ; it operates only where it would be unreasonable or improper that the road should be fenced. *The Indianapolis, etc., R. R. Co.* v. *Parker*, 29 Ind. 471. In this case, the place in question was within the limits of the town of Antioch, but it does not appear that a fence would have been unreasonable or improper in that part of the town. There were no streets or lots laid out there, and a fence had been kept up there, and for about a year before the in-

jury had been permitted to decay, so that there were sev-eral gaps near the place where the mare was killed and where the tracks on the road were found.    There is nothing in the evidence which would excuse the want of a fence at the place in question, because it was within the town of An-tioch.    *The Toledo, etc., R. W. Co.* v. *Owen*, 43 Ind. 405 ; *The Jeffersonville, etc., R. R. Co.* v. *Parkhurst*, 34 Ind. 501. A railroad company is not bound to fence its track where it crosses a public highway.    *The Indiana, etc., R. W. Co.* v. *Gapen*, 10 Ind. 292 ;  *The Jeffersonville, etc., R. R. Co.* v. *Huber*, 42 Ind. 173 ;  *The Jeffersonville, etc., R. R. Co.* v. *Adams*, 43 Ind. 402.    Nor at the open space in front of a mill, necessary for the convenience of shipment.  *The Indi-anapolis, etc., R. R. Co.* v. *Kinney*, 8 Ind. 402 ; *The Pitts-burgh, etc., R. W. Co.* v. *Bowyer*, 45 Ind. 496.    Nor in the immediate vicinity of the engine house, machine shops, car house and wood yard of the company.    *The Indianap-olis, etc., R. R. Co.* v. *Oestel*, 20 Ind. 231 ;  *The Jeffer-sonville, etc., R. R. Co.* v. *Brevoort*, 30 Ind. 324.    Nor where it would deprive the company of the use of its own land or leased property.    *The Jeffersonville, etc., R. R. Co.* v. *Beatty*, 36 Ind. 15.    Nor at stations or sidings where freight or passengers are received or discharged.    *The In-dianapolis, etc., R. R. Co.* v. *Christy*, 43 Ind. 143 ;  *The Indianapolis, etc., R. W. Co.* v. *Crandall*, 58 Ind. 365. But whenever a railway company can build and maintain such a fence, without interfering with the rights of the pub-lic or with the free use of private property, then it is bound to maintain the fence, whether it be in a city, or village, or in the country.    *The Ohio, etc., R. W. Co.* v. *Rowland*, 50 Ind. 349.    Where the railroad and the highway occupy the same ground, the company can not lawfully obstruct the highway by fencing in its track.    *The Louisville, etc., R. W. Co.* v. *Francis*, 58 Ind. 389.    On applying the forego-ing rules to the evidence in this case, it appears that the

fence in the railway, at the place in controversy, would not interfere with any public or private right in reference to the highway. The highway runs parallel to the railroad and near it, but the track is not upon the highway. There was some parol testimony, that the right of way, claimed by the company, encroached upon the highway, to what extent does not appear; but there was evidently room enough between the track and the highway for a fence; a fence had been maintained there. There being room enough, the fact, that the company would have to put the fence on part of their reservation for a right of way, would be no excuse for not building the fence.

The testimony shows that neither the highway nor Loon creek was an obstacle to the building of the fence, and that the fence had been properly there, and ought to have been maintained.

There is another question arising upon the evidence which presents more difficulty. The complaint avers that "the defendants were controlling and operating a line of railway, styled and known as the Wabash Railway, through the county of Huntington and State of Indiana," and that the "defendant, carelessly and negligently, on the 5th day of July, 1877, at the county and State aforesaid, did then and there run one of their locomotives against the said mare, killing her," etc. These were material allegations. *The Toledo, etc., R. W. Co.* v. *Weaver*, 34 Ind. 298; *The Evansville, etc., R. R. Co.* v. *Snapp, supra*.

In the case last cited, this court held that, where the evidence showed that the animals were killed on the Evansville and Crawfordsville Railroad, and that the Evansville and Crawfordsville Railroad Company appeared and defended the action, and that there was no evidence tending to show that the road was operated by any other company, the jury might infer that the road was operated by the company thus

appearing and defending, although no witness had testified to that effect.

So, in the case of *The Evansville, etc., R. R. Co.* v. *Smith,* 65 Ind. 92, where the averment was, that the Evansville and Crawfordsville Railroad Company were operating a line of railroad in Knox county, and that, by its locomotive and cars, it ran upon and against the appellant's cattle, it was held that these were material allegations. There was evidence in this case that the Evansville and Crawfordsville Railroad Company owned and operated the railroad in question, but there was no direct or positive evidence that this company owned the locomotive and cars which killed the cattle. This court said : "It seems to us, that the court trying the cause might have fairly and reasonably inferred and found, from the evidence adduced, in the absence of any evidence to the contrary, that the appellant operated its railroad with its own locomotive and cars."

In each of the cases last cited, the court held that a finding against the railroad company was sustained by the evidence, but the case at bar differs from both of them. In the case of *The Evansville, etc., R. R. Co.* v. *Snapp, supra,* there was evidence that the animals were killed on the Evansville and Crawfordsville railroad. Here there was no evidence at all on what road the animals were killed. It was proved to be a railroad in the county of Huntington, and that was all.

In the case of *The Evansville, etc., R. R. Co.* v. *Smith, supra,* there was evidence that the Evansville and Crawfordsville Railroad Company owned and operated the road on which the cattle were killed ; but here there was no evidence showing by what company the road was operated. The Wabash Railway Company appeared and defended the action, and in this respect it resembled the two cases referred to, but there was no proof that the railway about which the witnesses testified was the Wabash Railway. The name of

the road, or anything by which the road could be identified, was not mentioned by any witness, and there was no proof in the case at bar, that the Wabash Railway Company operated the railroad on which the plaintiff's mare was killed. It was incumbent upon the appellee to prove that the animal was killed on the Wabash Railway, and that the Wabash Railway Company were operating that road when the animal was killed. The plaintiff proved that there was a railroad in Huntington county, Indiana, and that some locomotive or car on that road struck and killed his mare. He did not prove what railroad it was, nor what company operated it, nor who killed the animal. The fact that the Wabash Railway Company appeared and defended the action, in obedience to a summons, is not an admission of the cause of action, and can not supply such deficiency in the proof.

The motion for a new trial ought to have been granted, because the verdict was not sustained by sufficient evidence, and was, therefore, contrary to law. For error in overruling the motion for a new trial, the judgment of the court below should be reversed, and the cause remanded for a new trial.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be, and the same is hereby, in all things reversed, at the costs of the appellees, and this cause is remanded, etc.