No. 11,498.

## The Louisville, New Albany and Chicago Railway Company *v.* Argenbright.

RAILROAD.—*Killing Stock.*—*Complaint before Justice of the Peace.*—In an action under the statute, before a justice of the peace, against a railroad company for killing stock, a complaint is not bad for failure to allege that the road was not fenced where the animal entered upon the track; nor for failure to show by direct averment that the plaintiff was damaged, or that the damages are due and unpaid, where the value of the stock killed is alleged.

From the Floyd Circuit Court.

*A. Dowling*, for appellant.

*G. B. Cardwill*, for appellee.

HAMMOND, J.—Action by the appellee to recover damages for killing her cow by the appellant's locomotive. It is averred that the railroad was not fenced where the animal was killed, but there is no averment that it was not fenced at the point where it entered upon the track. The latter allegation is essential in cases commenced in the circuit court, but as to cases like the present, begun before a justice of the peace, the complaint is good without such averment. *Ohio, etc., R. W. Co.* v. *Miller*, 46 Ind. 215; *Ohio, etc., R. W. Co.* v. *McClure*, 47 Ind. 317; *Wabash R. W. Co.* v. *Forshee*, 77 Ind. 158; *Indianapolis, etc., R. R. Co.* v. *Sims*, 92 Ind. 496.

It is also objected to the complaint, that it "did not aver that the plaintiff was damaged by the killing of the cow, nor that any damages were due, nor that they were unpaid." It is alleged that the animal was of the value of one hundred dollars and was killed. This shows that the plaintiff was damaged, and, in such case, the direct charge that the injury was to the plaintiff's damage, etc., is not essential. *Kent* v. *Cantrall*, 44 Ind. 452.

The rule that a complaint, based upon contract, must allege directly, or show by necessary inference, that the plaintiff's claim is due and unpaid, does not apply to an action for tort. The appellee recovered judgment in the court below,

to which the appellant had appealed from the justice, in the sum of one hundred dollars. It is claimed this was excessive. If we were governed by the weight of evidence as it appears in the record, we would probably have to say that the cow was not worth more than seventy-five dollars. There was, however, evidence tending to show that she was worth one hundred, and even one hundred and fifty dollars, and we can not, therefore, under well established rules of practice, reverse the judgment on account of the amount of the recovery.

· The learned counsel for the appellant, in urging that the evidence fails to show that the railroad was not fenced at the point at which the animal entered upon it, has inadvertently overlooked the testimony of one of the appellee's witnesses, who testified clearly and explicitly that the railroad was not fenced at that place.

The record discloses no error. Affirmed, with costs.

