Filed Dec. 20, 1884.

---

No. 11,918.

## THE WABASH, ST. LOUIS AND PACIFIC RAILWAY COMPANY *v.* NICE.

NEW TRIAL.—*Demurrer to Evidence.*—That a demurrer to the evidence was improperly overruled is not a cause for new trial.

ASSIGNMENT OF ERROR. - If only one of several paragraphs of a complaint be good, an assignment of error that the complaint was bad for want of sufficient facts is not supported.

RAILROADS.—*Fencing.*—If the circumstances are such as to justify a failure to fence one side of a railroad track, none is required on the other side, as where on one side freight is loaded and discharged, and there is a saw-mill and grain elevator from which lumber and grain are laden on the cars for shipment.

SAME.—*Killing Stock.*—*Contributory Negligence.*—One who voluntarily permits his cattle to run at large near a railroad, where it is not required to be fenced, is guilty of contributory negligence, if the cattle stray upon the track and are killed by the negligent management of a train of cars passing upon the railroad, and he can not recover.

From the Miami Circuit Court.

*C. B. Stuart* and *W. V. Stuart*, for appellant.
*J. L. Farrar, J. Farrar* and *W. C. Farrar*, for appellee.

BICKNELL, C. C.—The appellee brought this suit before a justice of the peace to recover damages from the appellant for a cow killed by the cars of the appellant on its railway.

The complaint before the justice was in one paragraph, and he rendered a judgment for the plaintiff by default.

In the circuit court the defendant demurred to the complaint for want of facts sufficient. The demurrer was over- ruled. The plaintiff then filed a second paragraph of com- plaint, and the defendant answered the entire complaint by a general denial. The issues were submitted to a jury for trial, and the plaintiff having introduced his evidence, the defend- ant demurred to it. The court overruled the demurrer, and assessed the plaintiff's damages at $60.

The defendant's motion for a new trial was overruled, and judgment was rendered on the assessment. The defendant appealed. The errors assigned are :

1. Overruling the demurrer to the complaint.
2. That the complaint does not state facts sufficient.
3. Overruling the demurrer to the evidence.
4. Overruling the motion for a new trial.

There was no error in overruling the motion for a new trial. The only reason alleged for the new trial is error of the court in overruling the demurrer to the evidence. This. is not a valid reason for a new trial; it belongs to the assign- ment of errors.

As to the first specification of error, viz., overruling the demurrer to the complaint, there was no demurrer to the complaint; there was a demurrer to the first paragraph only. The plaintiff claims that the first paragraph of the complaint does not state that the road was not securely fenced. In this. the appellant is mistaken. The averment in the complaint is, that where the cow went on the track, the railroad was not fenced and could not be. *Louisville, etc., R. W. Co.* v. *Argen--*

*bright*, 98 Ind. 254; *Indianapolis, etc., R. R. Co.* v. *Sims*, 92 Ind. 496; *Wabash R. W. Co.* v. *Forshee*, 77 Ind. 158. The first paragraph of the complaint was sufficient before a justice of the peace.

As to the second specification of error, to wit, that the complaint does not contain facts sufficient, there being two paragraphs of complaint, if either of them is sufficient, this specification can not be sustained. The first paragraph was sufficient.

As to the third specification of error, to wit, overruling the demurrer to the evidence, a railroad company is not bound to fence its track at the open space, in front of a mill, necessary for the convenience of shipment. *Indianapolis, etc., R. R. Co.* v. *Kinney*, 8 Ind. 402; *Pittsburgh, etc., R. W. Co.* v. *Bowyer*, 45 Ind. 496. Nor in the immediate vicinity of the engine house, machine shops, car-house and wood-yard of the company. *Indianapolis, etc., R. R. Co.* v. *Oestel*, 20 Ind. 231; *Jeffersonville, etc., R. R. Co.* v. *Brevoort*, 30 Ind. 324. Nor where it would deprive the company of its own land or leased property. *Jeffersonville, etc., R. R. Co.* v. *Beatty*, 36 Ind. 15. Nor at stations or sidings where freight or passengers are received or discharged. *Indianapolis, etc., R. R. Co.* v. *Christy*, 43 Ind. 143; *Indianapolis, etc., R. W. Co.* v. *Crandall*, 58 Ind. 365; *Lake Erie, etc., R. W. Co.* v. *Kneadle*, 94 Ind. 454; *Evansville, etc., R. R. Co.* v. *Willis*, 93 Ind. 507.

There was evidence tending to show that the defendant's road runs east and west through a small place called Chili, where the defendant has a station and depot; that the defendant has a side track extending eastward from the depot about 250 yards, and on the south side of the main track; that in connection with said side track the defendant has built and maintains stock yards; that between the depot and the stock yards the ground next to the side track is several feet higher than the side track, and from that high ground freight is loaded on and unloaded from the cars on the side track; that there is also between the depot and the stock yards, and on

the south side of the road, a saw-mill, and that materials for and from it are loaded and unloaded at different places along said side track; that on the north side of the track, and about 100 yards east of the depot, is a grain house, used for storing, elevating and shipping grain; that there is no railroad fence on either side of the track between the depot and the stock pens. The evidence does not show where the cow entered on the track, but it does tend to show that she was permitted to run at large in the vicinity aforesaid, and that when first seen on the day of the killing she was straying upon the railroad ground between the main track and the side track, and between the depot and the cattle pens, from twenty-five to fifty yards westward from the cattle yards, and that after she was struck by the train she lay nearly opposite the grain house; that the train was a passenger train coming from the east, at ordinary speed, and that it gave the usual signals.

Upon this evidence the defendant was not bound to fence its road between the depot and the cattle yards. *Cincinnati, etc., R. R. Co.* v. *Wood*, 82 Ind. 593. Under the facts above appearing, a road not required to be fenced on one side need not be fenced opposite thereto on the other side. *Indiana, etc., R. W. Co.* v. *Leak*, 89 Ind. 596. The evidence, therefore, was not sufficient to show a liability of the defendant as for a killing without negligence, and the evidence tended to show that the defendant was not guilty of any negligence. But even if there were proof of negligence in the defendant, the plaintiff could not recover, because he failed to show want of contributory negligence in himself. There was evidence tending to show that the plaintiff permitted his cow to run at large in the vicinity of the railroad, where it was not and could not be legally fenced. This was contributory negligence on his part. In *Indianapolis, etc., R. W. Co.* v. *Caudle*, 60 Ind. 112, this court said: "The first that the evidence shows us of the cow, she was running at large between the railroad track and a fence fifteen feet west of it, where she had no right to be, as far as the evidence shows us. This was *prima*

*facie* negligence on the part of the owner." *Indianapolis, etc., R. R. Co.* v. *Harter*, 38 Ind. 557 ; *Jeffersonville, etc., R. R. Co.* v. *Underhill*, 48 Ind. 389 ; *Jeffersonville, etc., R. R. Co.* v. *Adams*, 43 Ind. 402 ; *Cincinnati, etc., R. R. Co.* v. *Street*, 56 Ind. 225.

The demurrer to the evidence ought to have been sustained. For the error of the court in overruling said demurrer the judgment ought to be reversed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and the same is hereby in all things reversed, and this cause is remanded with instructions to the court below to sustain the defendant's demurrer to the plaintiff's evidence, and render judgment accordingly.

Filed Dec. 19, 1884.