*R. Hill*, for the appellant.

---

THE INDIANAPOLIS AND CINCINNATI RAILROAD COMPANY
*v.* MEANS.

The simple killing of an animal by the cars of a railroad company, is not *prima facie* evidence of negligence on the part of their employès.

A party cannot have the benefit of the statute of 1853, making railroad companies liable for animals killed without negligence, unless he prove that the road was not fenced as prescribed by the statute.

*Saturday,
January* 14,
1860.

APPEAL from the *Shelby* Court of Common Pleas.

WORDEN, J.—This was an action by the appellee against the company, commenced before a justice of the peace, and appealed to the Common Pleas, where it was tried by the Court and judgment rendered for the plaintiff, over a motion for a new trial.

In the Common Pleas, as well as before the justice, a motion was made by the defendant to dismiss the cause for the want of a sufficient statement of the cause of action, which was overruled.  The cause of action is as follows:

"The *Indianapolis Railroad Company* to *Fountain Means*, Dr., to one milch cow killed between *Brookfield* and *London*, in *Shelby* county, *Indiana*, on or about the 4th day of *October*, 1858; said cow worth $30 00.  *December* 11, 1858."

Passing by the fact that this statement of the cause of action purports to be against the *Indianapolis*, and not against the *Indianapolis and Cincinnati* railroad company, it may, on its face, be sufficient.  *Vide Milholland* v. *Pence*,

11 Ind. R. 203. But it would seem that the cause of action sounds in contract, and not in tort. In terms, it makes the defendant the debtor of the plaintiff. Who killed the cow, or how she was killed, does not appear. For aught that appears in the statement, the cow may have been killed by the plaintiff and sold to the defendant for beef, and in this view the cause of action may be sufficient; but it is extremely doubtful whether, under this statement, the plaintiff could introduce evidence of a trespass by the defendant, in killing the cow by the locomotive of the company, upon the railroad track, under such circumstances as would make the defendant liable. But upon these points we shall decide nothing, as the judgment will have to be reversed on other grounds, and when the cause goes back the plaintiff can amend if he sees proper to do so.

The evidence offered wholly fails to make out any case whatever. It shows that the cow was killed upon the railroad track, by the train of the company, about a quarter of a mile from *Brookfield,* but there was no attempt to show any negligence on the part of the company. The simple killing of an animal on a railroad track is not *prima facie* evidence of negligence. Pierce on Am. Railr. Law, 357.

Nor was there any proof that the railroad was not fenced. If the plaintiff relies upon the statute making railroad companies liable without negligence, for animals killed upon the road, the same not being fenced, he must, by his proof, bring himself within the provisions of the statute, and show that the road was not fenced as provided for in the statute. *Vide The Indianapolis, &c., Railroad Co.* v. *Wharton,* 13 Ind. R. 509.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

Davison, J., was absent.

*J. S. Scobey,* for the appellants.

*J. B. McFadden* and *J. Cartmill,* for the appellee.

Nov. Term, 1859.

The Indianapolis, &c., Railro'd Co. v. Means.