*E. H. Davis, C. Wright,* and *J. C. Green,* for appellees.

———◆◆◆———

WRIGHT *v.* THE INDIANAPOLIS AND CINCINNATI RAILROAD
COMPANY.

It is error to sustain a demurrer to an entire complaint when it contains one good paragraph.

A complaint for stock killed by a railroad before the act of 1859, must show that the animals sued for were killed through the negligence of the railroad company, and without the immediate fault of the plaintiff.

APPEAL from the *Shelby* Common Pleas.

PERKINS, J.—This is an action to recover for animals killed by a railroad company.   It was before this Court, in 1859, upon the evidence then given in the cause, and the judgment was reversed.   13 Ind. 213.

On its return, after the former reversal, to the Court below, the complaint was amended; a demurrer was sustained to the amended complaint, and final judgment rendered in favor of the company.

*Wright,* the plaintiff, brings up the cause by appeal from that judgment.

The complaint consisted of four paragraphs. To the first and second, a *nol. pros.* was entered, and the cause was decided below, and is submitted here upon the third and fourth.

The third paragraph stated a good cause of action; and, hence, the demurrer was wrongly sustained to the entire complaint.

The cause of action in this suit accrued prior to the passage of the act of 1859, (acts of 1859, p. 105), rendering railroads liable for the stock killed, irrespective of the question of negligence, as well when sued in the Superior Courts as before a justice; and, hence, that act does not govern in its decision. *Indianapolis, &c., Railroad Company* v. *Kercheval,* 16 Ind. 84. The pending suit was commenced originally in the Common Pleas. In the case at bar, then, the animals sued for must have been killed through the negligence of the railroad company, and without the immediate fault of the plaintiff. The third paragraph alleges that they were so killed. It states that they were run over by and through the carelessness, and willful negligence of the hands engaged in running the train; and it shows further that the animals were upon the railroad track without fault of the plaintiff, as it alleges that the railroad company, just before the injury happened, wrongfully broke down the plaintiff's fence enclosing the field adjoining the railroad, in which field the animals were, whereby they passed into the track, where they were killed.

The fourth paragraph we have doubts about. But as the third covers the principal damages, it is not important that we should express a decided opinion upon the fourth; and this latter may be amended.

It is not very easy to determine upon what cause of action the fourth paragraph rests; nor whether it sounds in contract or in tort. It alleges a breach of contract on the part of the

railroad company in failing to clear the logs, &c. off of certain ground.    Does it mean to rely on this as a cause of action?

It then alleges a tortious manner as that in which the logs, &c., were cleared off, occasioning damage to the plaintiff.    Is this meant to be the gravamen of the paragraph, the previous statement of the breach of contract being mere inducement?

Or were both of the matters above set forth as being in the paragraph but mere inducement to a further ground of action, viz: the killing of the animals by the machinery of the railroad company?    We incline to think a cause of action may be sifted out of the paragraph, though it does not allege any carelessness in the running of the train, by which the animals were killed.

*Per Curiam.*—The judgment is reversed, with costs, and cause remanded for further proceedings.

*S. Major,* for the appellant.

