The Indianapolis, Peru and Chicago Railroad Company *v.* Bishop.

PLEADING.—Where a complaint, though not very clear in some of its averments, is certain to a common intent, it is good.

SAME.—CONCLUSION OF LAW.—A complaint against a railroad company for killing a horse, alleged that at the place, &c., "defendant's road was not fenced as required by law," and it was held on demurrer that the averment was a mere conclusion of law and the complaint therefore bad.

APPEAL from the *Tipton* Common Pleas.

GREGORY, J.—Suit by *Bishop* against the appellant for killing stock. The complaint avers, that on, &c., the defendant, by her agents and servants, was engaged in running a locomotive, and a train of cars thereto attached, on the road of defendant, situate in *Tipton* county, and while being engaged in running the aforesaid locomotive and train of cars as aforesaid did run over, kill and destroy one bay horse, the property of the plaintiff, of the value of two hundred dollars, and that at the point on the road of the defendant where the horse was killed, the "defendant's road was not fenced as required by law."

A demurrer to the complaint was overruled, to which the defendant excepted, and assigns this action of the court below for error.

Two objections are made to the complaint: 1. That it does not show that the injury was done by the locomotive

or cars used on the road. 2. That it does not aver that the road was not "securely fenced in, and such fence properly maintained by the company."

It must be admitted that it does not very clearly appear whether it was the agents and servants, or the locomotive and cars of the defendant that killed the horse. But we think the complaint on this point certain to a common intent.

It is a fundamental rule of pleading, that the pleader must state facts, and not legal conclusions. The law requires the company to fence on its own land, but we suppose it clear that the company would not be liable to the owners of animals killed or injured by its cars, locomotives, or other carriages, in the absence of negligence, if the road is securely fenced in, and such fence properly maintained by such company, although such fence is entirely on the land of an adjoining proprietor, even where the railroad company is a trespasser as to such proprietor. But to say that the "defendant's road was not fenced as required by law," is stating a legal conclusion, and not a fact. A demurrer only admits the truth of facts well pleaded. We think the court below erred in overruling the demurrer to the complaint. As there was a trial on a bad complaint, the other questions made by the appellant become immaterial.

The judgment is reversed with costs, and the cause remanded, with directions to sustain the demurrer to the complaint, and for further proceedings.

ELLIOTT, J., dissents.

## ON PETITION FOR REHEARING.

GREGORY, J.—*The Toledo and Wabash Railroad Co.* v. *Fowler*, 22 Ind. 316, to which our attention has been called in the petition for a rehearing, seems to be against the conclusion arrived at by a majority of the court in the case at bar. Which is right? Mr. CHITTY says that "facts only are to be stated, and not arguments or inferences or

matters of law." 1 Chitty on Pl. 214, 12th Am. Ed. Mr. Justice Buller, in *The King* v. *The Mayor, &c., of Lyme Regis,* 1 Douglass 149, says: "It is one of the first principles of pleading, that you have only occasion to state facts, which must be done for the purpose of informing the court, whose duty it is to declare the law arising upon the facts, and to apprize the opposite party of what is meant to be proved, in order to give him an opportunity to answer or traverse it."

The act of *March* 4, 1863, 1 G. & H., § 7, p. 188, making railway companies liable for stock killed, without regard to the question of negligence, provides that "this act shall not apply to any railroad securely fenced in, and such fence properly maintained by such company, lessee, assignee, receiver, or other person running the same." There is no negligence charged in the complaint, but it is sought to make the appellant liable solely on the ground that the railroad was not securely fenced in, and such fence properly maintained. The legislature have no power to impose the duty on a property-holder to improve his property in any particular mode, but in a police regulation they have a right to impose a penalty for the result of the omission of the railroad company to fence. Now, to say that "the defendant's road was not fenced as required by law," is hardly stating even a legal conclusion, or a matter from which the court might infer that the defendant's road was not "securely fenced in, and such fence properly maintained by such company." The appellant was not required by law to fence, except, perhaps, under the general law for maintaining partition fences, as between adjoining land proprietors.

The averment tendered no issue of fact. The case in 22 Ind., *supra,* does not seem to have been much considered, and a majority of the court hold that in this respect it is not good law.

*The Indianapolis and Cincinnati Railroad Co.* v. *Adkins,* 23 Ind. 340, is not in point. There the allegation was

made that the road was "not securely fenced," and that was not the question considered, but the allegation as to the place where the railroad was not thus fenced, was the matter in controversy.

The petition is overruled.

*J. Green,* for appellant.

*N. R. Overman* and *G. W. Lowley,* for appellee.