THE JEFFERSONVILLE, MADISON, AND INDIANAPOLIS RAILROAD
COMPANY v. CHENOWETH.

RAILROADS.—*Injury to Animals.*—*Pleading.*—Suit against a railroad company
for the value of stock killed on the track of the defendant by a passing
train, the complaint averring, "that at the time and place when and where
said stock was so run over and killed as aforesaid, the said railroad was not
securely fenced as required by law."

*Held,* that this averment sufficiently implied that the road was not securely
fenced where the animals entered upon it.

*Held,* also, that the words, "not securely fenced as required by law," alleged
a fact, and not a conclusion of law.

APPEAL from the Morgan Common Pleas.

The appellee sued the appellant in the Johnson Common
Pleas for the value of stock killed on the track of the
appellant at different times by passing trains.   Various par-
agraphs of the complaint charging the defendant with neg-
ligence were dismissed.

The other paragraphs alleged the killing, &c., and each
averred, "that at the time and place when and where said
stock was so run over and killed as aforesaid, the said rail-
road was not securely fenced as required by law."

Demurrers to these paragraphs, on the ground that they
did not state facts sufficient, were overruled, and the defen-
dant excepted.

Issues were formed, and the venue having been changed
on the defendant's motion to the Morgan Common Pleas,
the cause was there tried by a jury.   Verdict for the plain-
tiff, and judgment thereon.   The rulings on the demurrers
to the complaint are assigned as error.

FRAZER, J.—The complaint in this case has the same
defect that was urged in *The I. & C. R. R. Co.* v. *Adkins,*
23 Ind. 340.   In that case the averment was held equiva-
lent to, or at least implying, that the road was not securely
fenced where the animals entered upon the railroad.   I am
free to admit that this was a very liberal construction of a
pleading when attacked by demurrer, and if the question

were now here for the first time I should not so hold. I do not think that such looseness in pleading should be generally sustained. But that case has not been overruled, as the counsel for the appellant seem to suppose; and the majority of the court is not prepared to overrule it, deeming it correct.

There is nothing in the suggestion, that the words of the complaint, "not securely fenced as required by law," allege only a conclusion of law. They aver the fact that the road was not securely fenced, and the subsequent words neither enhance nor diminish the force of the fact stated.

The judgment is affirmed, with ten per cent. damages and costs.

*G. M. Overstreet* and *A. B. Hunter,* for appellant.
*S. P. Oyler* and *D. W. Howe,* for appellee.