*H. B. Jamison*, for appellee.

———o———

THE INDIANAPOLIS, CINCINNATI, AND LAFAYETTE R. R. CO. *v.* ROBINSON.

RAILROAD.—*Killing Stock.*—*Pleading.*—To render a railroad company liable under the statute for killing stock, it must be alleged in the complaint, and proved, that the road was not securely fenced. It is not sufficient to say that the road " was not fenced according to law."

The Indianapolis, Cincinnati, and Lafayette R. R. Co. *v.* Robinson.

SAME.—*Pleading.*—To be good at common law, a complaint against a railroad company for negligently killing stock must allege that the injury did not result from the negligence of the plaintiff.

APPEAL from the Marion Circuit Court.

DOWNEY, C. J.—This action was brought by the appellee against the appellant before a justice of the peace, where there was judgment for the plaintiff, and an appeal to the circuit court. In the latter court, there was a trial by the court, finding for the plaintiff, motion by the defendant for a new trial overruled, and judgment on the finding.

Two questions are presented here: first, that the complaint is insufficient; and second, that the circuit court should have granted a new trial on account of the insufficiency of the evidence.

The complaint alleges, that on or about the 14th day of August, 1868, at the county of Marion, and State of Indiana, the defendant did kill two hogs of the plaintiff, of the value of thirty dollars, through the fault, misconduct, and negligence of the employees, servants, and agents of the defendant, by striking and running over the said hogs with a locomotive and train of cars running on the defendant's road, which road was not fenced according to law, &c.

It is urged against the complaint, that it is not a good one for negligence, because it does not allege that the plaintiff was without fault; and that it is not good under the statute requiring railroads to be fenced, because it does not allege that the road was not securely fenced, but only alleges that the road was "not fenced according to law," which it is contended is a mere conclusion of law.

To render the company liable, under the statute, it must be alleged and proved that the road was not securely fenced, &c. *The Indianapolis, &c., R. R. Co. v. Means,* 14 Ind. 30; *Indianapolis, &c., R. R. Co. v. Williams,* 15 Ind. 486; *The Indianapolis, &c., R. R. Co. v. Wharton,* 13 Ind. 509.

In *The Toledo, &c., R. R. Co. v. Fowler,* 22 Ind. 316, this court held, that, to allege that the road was not "fenced in by the defendant, in manner and form as in the statute pro-

vided," was sufficient.    And in *The Indianapolis, &c., R. R. Co. v. Adkins*, 23 Ind 340, it was held by this court, that the allegation that the road "was not securely fenced as required by law," was sufficient.    But in *The Indianapolis, &c., R. R. Co. v. Bishop*, 29 Ind. 202, the court seems to disapprove of the preceding cases, and that in 22 Ind. is expressly overruled.    The learned judge who delivered the opinion says, the case in 23 Ind, was not in point, because the allegation was, that the road was "not securely fenced."    But the allegation was, as we have seen, that the road was "not securely fenced as required by law."    In the case in 29 Ind., the court held that the allegation, that the road was not fenced "as required by law," was only a conclusion of law, and not sufficient.    It is, perhaps, more important to adhere to some one rule, than to try to determine which is exactly the best or most conformable to the authorities.    Following the case in 29 Ind., *supra*, which is the last expressed opinion of this court, we must hold the complaint in the case at bar insufficient as a complaint under the statute.

Is it good as a complaint for an injury resulting from the negligence of the defendant, at common law, irrespective of the statute?    It fails to allege, as will be seen, that the injury did not result from the negligence of the plaintiff. In our opinion, this defect renders the complaint bad as a complaint at common law.    In *Wright v. The Indianapolis, &c., R. R. Co.*, 18 Ind. 168; *The Indianapolis, &c., R. R. Co. v. McClure*, 26 Ind. 370; *The Toledo, &c., R. R. Co. v. Bevin*, 26 Ind. 443, it is so held by this court in cases for killing cattle.    Being governed, then, by these cases, we must hold that the complaint is fatally defective as a complaint at common law.    It is contended by counsel for the appellee, that as the case originated before a justice of the peace, the complaint should not be tested by the same rules that are applied to complaints in the higher courts.    But we cannot so decide.    It requires no more skill in pleading to say that the injury resulted without any negligence on the part of the plaintiff, than it does to allege that it re-

sulted from the negligence and carelessness of the defend-
ant.   Both allegations are necessary to make the complaint
substantially good.

As the case may again have to be tried upon the facts, we
express no opinion upon them.

The judgment is reversed, with costs, and the cause re-
manded, with directions to the court to sustain the demur-
rer to the complaint, and if desired, grant leave to amend.

*T. A. Hendricks, O. B. Hord,* and *A. W. Hendricks,* for
appellant.

*I. Klingensmith,* for appellee.