### THE JEFFERSONVILLE, MADISON, AND INDIANAPOLIS RAILROAD COMPANY *v.* UNDERHILL.

RAILROAD.—*Cattle.*—*Negligence.*—*Fencing.*—*Pleading.*—To charge a railroad company with liability for negligence in killing an animal on the line of its road, the complaint must allege that the animal was killed without any negligence of the plaintiff. Where the charge is for failure to fence the road, an allegation that the road was not fenced " according to law " is insufficient.

APPEAL from the Floyd Circuit Court.

DOWNEY, J.—This is an action commenced before a justice of the peace, by the appellee against the appellant and The Louisville, New Albany, and St. Louis Air Line Railway Company. It is stated in the complaint that, on the 2d day of December, 1870, said appellant was controlling and operating all that part of the railway belonging to The Louisville, New Albany, and St. Louis Air Line Railway Company which lies in the city of New Albany, Indiana, and was running its locomotives, cars, and carriages on and over the same, with the consent of such company, and that while so operating and controlling said railway, and while running its locomotives, cars, and carriages over and on the same, it did negligently run one of its locomotives and cars then and there on said railway against and over a milch cow belonging to said plaintiff, thereby, then and there, wounding and killing said cow. It is then averred that at the

point on said railway where the locomotive and cars ran against and over and killed said cow, the railway was not fenced, as required by law; and that before and at the time said cow was killed as aforesaid, she was of the value of one hundred dollars; wherefore, etc.

There was a motion before the justice of the peace to dismiss the action, made by the defendants, separately, because the complaint does not state facts sufficient to constitute a cause of action. This motion was overruled, the cause was tried, and there was judgment for the plaintiff. The defendants appealed to the circuit court. In the circuit court, the defendants renewed their motion to dismiss the action, and it having been overruled by the court, they reserved the point by bill of exceptions. There was then a trial by jury. After the evidence was heard, the action as to the Air Line Company was dismissed, and there was a verdict against the appellant, a motion for a new trial by it made and overruled, and judgment on the verdict.

Two errors are assigned; first, the overruling of the motion to dismiss the action; and, second, the refusal to grant a new trial.

In the complaint there are two grounds of liability mentioned; first, that the animal was killed by the negligence of the company; and, second, that the railroad was not fenced at the point where the cow was killed. If neither of these grounds is sufficiently stated, then the motion to dismiss should have been sustained. It has been held in several cases in this court, that in such a complaint it is necessary to allege that the animal was killed without any negligence of the plaintiff, in the cases where the suit is for negligent killing, though not if the killing was where the road might have been, but was not, fenced. *The Indianapolis, etc., Railroad Co.* v. *Robinson*, 35 Ind. 380.

The complaint not containing this allegation, is not sufficient as a complaint for the negligent killing of the animal.

With reference to the other ground, that is, that the road was not fenced in, etc., the allegation is that it was not

fenced "as required by law." We have held, following the case of *The Indianapolis, etc., Railroad Co.* v. *Bishop*, 29 Ind. 202, that the allegation in this form is insufficient; that it is an allegation of matter of law, and not of fact. *The Indianapolis, etc., Railroad Co.* v. *Robinson, supra.* For this reason, this ground of liability is not well stated.

But if this ground of liability was well stated, the evidence shows that the killing took place in the city of New Albany, at the crossing of two public alleys, and therefore at a place where the company could not fence. Upon the evidence, it is claimed by counsel for the appellant that, as it appears that the plaintiff knowingly allowed the animal to run at large in the vicinity of the railroad, and to stray upon its track, where it could not be fenced, this is such negligence on his part as prevents him from recovering for a killing by the mere negligence of the company. As, however, it is not alleged in the complaint that his negligence did not cause or contribute to the death of the animal, this point need not be decided by us now. But, on this subject, see *The Indianapolis, Cincinnati, and Lafayette Railroad Co.* v. *Harter*, 38 Ind. 557.

The judgment is reversed, with costs; and the cause is remanded, with instructions to sustain the motion to dismiss the action.

*G. V. Howk* and *W. W. Tuley*, for appellant.