THE JEFFERSONVILLE, MADISON, AND INDIANAPOLIS RAILROAD COMPANY *v.* ADAMS.

RAILROAD.—*Animal Killed.*—*Contributory Negligence.*—If the owner of a cow knowingly permits her to run at large in the vicinity of a railroad, where

The Jeffersonville, Madison, and Indianapolis R. R. Co. *v.* Adams.

it is not required by law to be fenced, and she strays upon the track and is killed, it not appearing that the killing is wilfully done, the railroad company will not be liable, though the owner may not have known that the railroad was completed.

From the Floyd Circuit Court.

*G. V. Howk* and *W. W. Tuley,* for appellant.

*A. B. Carlton,* for appellee.

OSBORN, J.—The appellee recovered a judgment against the appellant for the value of a cow killed by a locomotive of the appellant running upon a railroad in the city of New Albany. The ground of the action was, that the cow was killed by the negligence of the appellant's servants in charge of the train, without the fault of the appellee.

The cause was tried by the court, resulting in a finding for the appellee. Motion for a new trial overruled, exception and judgment on the finding.

The alleged negligence consisted in running a freight train of cars loaded with iron through the city of New Albany on a dark night with a locomotive running backward, at a speed of from three miles to three miles and a half an hour, and while so running of striking and killing the cow. It was necessary to run the locomotive backward in going to or returning from the rolling mill, to which place the train was going with the iron. If the locomotive had been running head first with head-light on, the cow might have been seen in time to stop the train before striking her.

The appellee had voluntarily permitted the cow to run at large unattended, and to go where she pleased; and while she was thus roaming about, she strayed upon the railroad and was killed.

The case of *The Indianapolis, Cincinnati, and Lafayette Railroad Company* v. *Harter,* 38 Ind. 557, is directly in point, and is decisive of this. In that case, the owner of the cow knowingly permitted her to run at large in the vicinity of a railroad where it was not required by law to be fenced; and it was held that he could not recover. The court, on page 560, says: "Being thus himself guilty of negligence in

The Jeffersonville, Madison, and Indianapolis R. R. Co. *v.* Adams.

permitting his cow to occupy the place of danger, he cannot complain of the negligence of the defendant. His own want of care contributed directly to the injury." It is true, in this case the appellee testifies that she did not know that the road was finished. She also testified that she knew that work had been done upon it. But whether she knew of the completion of the road or not, she had no right to turn her cow upon the public streets in the city. She did it at her peril. The cow was unlawfully upon the railroad, and in consequence of being so unlawfully there was killed.

It is not alleged or proved that the cow was killed wilfully. The only complaint is, that it was done by the negligence of the servants of the appellant in charge of the locomotive and train.

In *The Jeffersonville, Madison, and Indianapolis Railroad Company* v. *Underhill*, 40 Ind. 229, it was held that to charge a railroad company with liability for negligence in killing an animal on the line of its road, the complaint must allege that the animal was killed without any negligence of the plaintiff. If it was necessary to allege, it was necessary to prove it. At any rate, it must not appear affirmatively that the negligence of the plaintiff contributed to the injury as in the case at bar.

This case was tried before either of the cases referred to had been decided.

The judgment of the said Floyd Circuit Court is reversed, with costs. The cause is remanded, with instructions to grant a new trial, and for further proceedings in accordance with this opinion.