The Pittsburgh, Cincinnati, and St. Louis R. R. Co. *v.* Brown.

person to serve as such juror, who has served as a juror in either of said courts in such county, during the year immediately preceding such selection ; and it shall be unlawful for any officer of either of said courts to select any person to serve as a talesman upon any jury therein, who has served as a juror in either of said courts of the county during the year immediately preceding such selection ; and should any person be selected contrary to the provisions of this act, it shall be a sufficient cause for peremptory challenge."

The word "peremptory" in this provision was probably used to convey the idea of an absolute right of challenge for such cause. Peremptory challenges have been understood generally to be such as are allowed without assigning any cause.

The purpose of the statute was to exclude, in the selection of jurors, all persons who have served as such in any of the courts mentioned, within the year before, whether they served as a part of the regular panel or as talesmen. The object was something more than merely to relieve men from the burthen of sitting as jurors oftener than once a year. It was to preserve the purity of the jury box and avert the evils arising from an over-willingness sometimes exhibited to serve in that capacity. Hence the right of challenge for such cause. We are of opinion that the court erred in overruling the challenge.

The judgment below is reversed, and the cause remanded.

------o------

## THE PITTSBURGH, CINCINNATI, AND ST. LOUIS RAILROAD CO. *v.* BROWN.

PLEADING.—*Railroad.*—*Killing Stock.*—In a complaint under the statute to recover for stock killed by a railroad train, where the road is not fenced, it is sufficient to aver that the road was not securely fenced in at the place where the animal got upon the track.

From the Hancock Common Pleas.

*H. J. Dunbar,* for appellant.

*C. J. Offutt, G. H. Voss, B. F. Davis,* and *J. A. Holman,* for appellee.

BUSKIRK, J.—This action originated before a justice of the peace and was a proceeding under the statute, to recover the value of a horse killed by the engine and cars on appellant's road. There was issue, trial by a jury, and verdict for appellee. Motion for a new trial overruled and judgment on verdict. The evidence is not in the record. The only assignment of error, which presents any question for review here, is based upon the action of the court in overruling the demurrer to the complaint. The objection urged to the complaint is, that it is not sufficiently alleged that the road was not fenced at the point where the horse was killed. It is alleged that "at the place where said animal got upon said track and was killed as aforesaid, said railroad was not securely fenced as by law required, nor was it in any town or corporation, nor at any crossing of said road." It is insisted that the averment is not a statement of a fact, but a conclusion of law. Counsel mainly rely upon the cases of *The Indianapolis, etc., R. R. Co.* v. *Robinson,* 35 Ind. 380, and *The Indianapolis, P., & C. R. R. Co.* v. *Bishop,* 29 Ind. 202. These cases do not support the position assumed by counsel, but fully support the ruling of the court below. It was expressly held in both cases, that it was sufficient to allege that the road was not securely fenced as required by law, but in such cases it was held that an allegation that the road was not fenced "as required by law" was only a conclusion of law, and not sufficient. In *The Jeffersonville, etc., R. R. Co.* v. *Chenoweth,* 30 Ind. 366, FRAZER, J., speaking for the court, says:

"There is nothing in the suggestion, that the words of the complaint, ' not securely fenced as required by law,' allege only a conclusion of law. They aver the fact that the road was not securely fenced, and the subsequent words neither enhance nor diminish the force of the fact stated." It is earn-

estly insisted by counsel for appellant, that the addition of the word "securely" does not add anything to the allegation. We are of different opinion. The act of March 4th, 1863, 3 Ind. Stat. 416, sec. 7, making railway companies liable for stock killed without regard to the question of negligence, provides that "this act shall not apply to any railroad securely fenced in, and such fence properly maintained by such company, lessee, assignee, receiver, or other person running the same."

In our opinion, it is sufficient to aver in the language of the statute, that the railroad at the time and place named, was not "securely fenced in." It is never necessary to allege what is not required to be proved. In an action based upon the above statute, it is only necessary to prove that the railroad was not securely fenced in at the time when, and place where, the animal got upon the track. This is expressly held in the case of *The Indianapolis, etc., R. R. Co.* v. *Robinson*, 35 Ind. 380, where this language is used by DOWNEY, C. J.: "To render the company liable, under the statute, it must be alleged and proved that the road was not securely fenced, etc. *The Indianapolis, etc., R. R. Co.* v. *Means*, 14 Ind. 30; *The Indianapolis, etc., R. R. Co.* v. *Williams*, 15 Ind. 486; *The Indianapolis, etc., R. R. Co.* v. *Wharton*, 13 Ind. 509."

In that case the averment was, that the road was not fenced as required by law, and this was held insufficient according to the ruling in *The Indianapolis, etc., R. R. Co.* v. *Bishop*, 29 Ind. 202. In *The Jeffersonville, etc., R. R. Co.* v. *Underhill*, 40 Ind. 229, the averment was, that the road was not fenced "as required by law," and this was held insufficient.

The rule should be regarded as settled in this State, that an averment that the road was not fenced "as required by law" is insufficient, but that an allegation that the road was not "securely fenced in" will be deemed sufficient.

There was no error in overruling the demurrer to the complaint.

The judgment is affirmed, with costs.