———————o———————

THE INDIANAPOLIS, BLOOMINGTON, AND WESTERN RAILWAY COMPANY v. LYON.

JUDICIAL NOTICE.—*Pleading.*—In an action brought in Fountain county, against a railroad company, for killing a cow, the complaint alleged that the place where the animal was killed was " about two and a half miles east of Covington."
*Held*, on motion in arrest, that the Supreme Court knew judicially that the place so designated is in the county where the action was brought.
RAILROAD.—*Injury to Animal.—Fence.—Pleading.*—In an action, under the statute, against a railroad company, for injury to an animal, the allegation that " the road was not securely fenced as required by law" is not the statement of a mere conclusion of law, and is a sufficient allegation as to the fencing of the road.

From the Fountain Common Pleas.

*J. C. Black, R. M. Nebeker*, and *S. M. Cambern*, for appellant.

DOWNEY, J.—The appellee sued the appellant before a justice of the peace, alleging in his complaint, " that heretofore, to wit, on the 22d day of March, 1872, the said defendant, by her agents, killed a cow, the personal property of this plaintiff, about two and a half miles east of Covington, by running

over and upon said cow a locomotive, and that said cow was of the value of sixty dollars; and plaintiff says, at the time and place when and where said cow was run over and killed as aforesaid, the road was not securely fenced, as required by law; wherefore," etc.

Before the justice of the peace, the defendant made default, and judgment was rendered against it for forty-five dollars and costs. The defendant appealed to the common pleas, and there offered to confess judgment for forty dollars and costs, which was not accepted by the plaintiff.

The defendant then answered, first, that it admitted all the facts alleged in the complaint to be true, except the value of the animal killed, and the amount of the damages claimed by the plaintiff; and, second, by way of counter-claim, that it admitted all the allegations of the complaint to be true, except as to the amount of damages, but alleged that the defendant took and appropriated the hide and tallow of the animal, each of the value of five dollars, which amounts it asked might be recouped from the amount of damages which might be found in favor of the plaintiff. Reply in denial. Trial by the court and finding for the plaintiff in the sum of forty-five dollars. The defendant moved, successively, for judgment in its favor *non obstante veredicto*, for a new trial, and in arrest of judgment, which motions were all overruled by the court, and final judgment rendered for the plaintiff.

The errors assigned are upon the overruling of the motion for a new trial, and that in arrest of judgment.

The motion in arrest, which was on the ground that the complaint did not state facts sufficient to constitute a cause of action, presents the question which is naturally first in order.

The first objection to the complaint urged by the appellant's counsel is, that it is not averred therein that the animal was killed in the county in which the action was brought. We think differently. We know judicially that the point designated in the complaint as the place where the animal was killed, " two and a half miles east of Covington," is in Fountain county, the county in which the action was brought.

The Indianapolis, etc., R. W. Co. *v.* Lyon.

The second objection is, that the allegation that "the road was not securely fenced as required by law" is a mere conclusion of law, and hence insufficient.

In several cases it has been held, that to aver that the railroad was not fenced "according to law," or "as required by law," was not sufficient. *The Indianapolis, etc., R. R. Co. v. Bishop,* 29 Ind. 202; *The Indianapolis, etc., R. R. Co.* v. *Robinson,* 35 Ind. 380; *The Jeffersonville, etc., R. R. Co.* v. *Underhill,* 40 Ind. 229.

In other cases it has been held, that to allege that the railroad was not securely fenced "according to," or "as required by law," is sufficient. *The Pittsburgh, etc., R. R. Co. v. Brown,* 44 Ind. 409, and the cases there cited. The case under consideration is governed by the rule in the last named cases. The line of distinction is pretty finely drawn, but it is perceptible. The complaint is not liable to the objection urged against it.

Under the first error alleged, that is, the refusal to grant a new trial, we think the case is with the appellee.

It is urged that the evidence did not show that the animal was killed in the county in which the action was brought. We do not see how counsel can well urge this ground for reversing the judgment, in the face of the admissions in the answer. The company admitted all the facts alleged, except the value of the animal, and the amount of the damages.

The whole case shows that the statutory general denial was not relied upon by the defendant, and that any proof from the plaintiff except as to the value of the animal and amount of damage was waived.

The course pursued by the company in this case deserves the greatest amount of damages which we are authorized to give to the appellee.

The judgment is affirmed, with ten per cent. damages and costs.