The Jeffersonville, Madison and Indianapolis R. R. Co. *v.* Lyon.

———————

THE JEFFERSONVILLE, MADISON AND INDIANAPOLIS R. R. Co. *v.* LYON.

RAILROAD.—*Killing Stock.—Action at Common Law.—Negligence.—Pleading.*—To be sufficient as an action at common law, the complaint against a railroad company, to recover damages for negligently killing stock, must allege that such injury did not result from negligence of the plaintiff.

SAME.—*Misjoinder of Actions.—Surplusage.—Statutory Action.*—Where, in such action, the complaint does not show the plaintiff to have been guilty of no contributory negligence, but is sufficient as a complaint under the statute of this State,

*Held,* on demurrer for misjoinder of causes of action, that allegations of negligence on the part of the defendant should be treated as surplusage, and the action regarded as statutory.

SAME.—*Action Under the Statute.*—A complaint is sufficient against such company, to recover damages for killing stock, alleging that such stock, being the property of the plaintiff, had entered upon the defendant's right of way and track, at a point where the same had been carelessly and negligently left unfenced, and, whilst there, was, by the defendant's train of cars, driven into a cut through which such track ran, and there killed.

SAME.—*Defence.—Evidence.—Fencing Road.*—In such statutory action, the defendant need not allege, but under the general denial, simply, may prove, that the point where such stock entered upon its track was one which could not properly be fenced.

SAME.—*Instructions to Jury.*—On the trial of such statutory action for killing stock, instructions to the jury, applicable only to an action therefor at common law, are erroneous.

From the Shelby Circuit Court.

*L. J. Hackney, C. Baker, O. B. Hord* and *A. W. Hendricks,* for appellant.

*S. Major,* for appellee.

HOWK, J.—The appellee, as plaintiff, sued the appellant, as defendant, in the court below.     Appellee's complaint, omitting the venue, the name and term of the court below, and the signature of counsel, was as follows, to wit:

" Bryan Lyons, plaintiff, complains of the Jeffersonville, Madison and Indianapolis Railroad Company, and says, that at the time hereinafter mentioned the defendant, a corporation duly organized under the laws of the State, was the owner of a certain railroad, known as the Jeffersonville, Madison and Indianapolis Railroad, together with the track thereto belonging; that, on the 11th day of October, in the year 1873, the plaintiff was the owner of two mules and one horse, of the value of five hundred dollars, which mules and horse, without the fault of the plaintiff, strayed in and upon the track and ground occupied by said railroad track of said defendant, in said county, at a place on said railroad track near what is called and known as St. John's Switch, belonging to said railroad, which place on said railroad track, then and there was carelessly and negligently left unfenced and uninclosed.

" That while said mules and horse were on said railroad track, the locomotive and cars running on and over said railroad track, in the direction on said road, from the city of Shelbyville, in said county, to the city of Columbus, in Bartholomew county, were so carelessly and negligently run and managed by the persons, agents and servants in charge of and running the same, that said mules and horse were carelessly and negligently driven and forced by said locomotive and cars, upon and along said railroad track, into a deep cut in said track and to a cattle-guard thereon; and, chased there, carelessly and negligently driven and forced to jump across said cattle-guard on said railroad

track, and into an inclosure, made, along said railroad track by a high fence erected on each side of said track, and near to the same, and by two cattle-guards, one at each end of said fences, one of which cattle-guards said mules and horse were forced to jump, as above stated; that said mules and horse, so being confined in said enclosure, as above stated, were thereby greatly exposed to and in danger of being run over and destroyed by the locomotives and cars running on and over said railroad track; that said persons, agents and servants, when so running and managing said locomotive and cars, well knew that said mules and horse, by said careless and negligent running and management of said locomotives and cars, were thereby, then and there, driven and forced to jump across said cattle-guard and into said enclosure, as aforesaid, and then and there well knew that the said mules and horse, so in said enclosure as aforesaid, were thereby greatly in danger of being run over and destroyed by the locomotives and cars running on and over said railroad track.

" That said persons, agents and servants, not regarding their duty in that respect, carelessly and negligently failed to drive said mules and horse out of said enclosure, and carelessly and negligently suffered and permitted said mules and horse to remain in said enclosure.

" That while said mules and horse were so confined in said enclosure, on the same day, and soon after said mules and horse had been so driven across said cattle-guard and left confined in said enclosure as aforesaid, the locomotive running on and over said railroad track, in the direction from said city of Columbus to said city of Shelbyville, was so carelessly and negligently run and managed by the agents, persons and servants running and managing the same, that said last named locomotive and cars ran against and over said two mules and horse, in said county, and killed and destroyed said two mules, and then and there and thereby so injured the said horse that he was and is

thereby rendered of no value, to the damage of the plaintiff five hundred and eighty dollars. Wherefore," etc.

To this complaint, the appellant answered by a general denial of the allegations of the complaint.

The action was tried by a jury, in the court below, and a verdict was returned for the appellee, assessing his damages at four hundred dollars. On written causes filed, the appellant moved the court below for a new trial, which motion was overruled by the court, and to this decision the appellant excepted. And the appellant then moved the court below, in writing, in arrest of judgment, for two alleged causes, to wit:

1st. Because the appellee's complaint did not state facts sufficient to constitute a cause of action; and,

2d. Because the appellee had improperly united two causes of action in the same complaint, to wit: the cause of action given by statute against railroad companies, whose roads are not securely fenced, etc., for the killing of stock, etc.; and the cause of action which existed independently of the statute, for the negligent killing of stock, without the fault of the owner thereof.

This motion was also overruled, and appellant excepted, and a judgment was rendered upon the verdict.

In this court, the appellant has assigned the following alleged errors:

1st. The overruling of appellant's motion for a new trial; and,

2d. The overruling of appellant's motion in arrest of judgment.

We will consider these alleged errors, and decide the questions thereby presented in their inverse order. The second alleged error presents, for our consideration and decision, to a somewhat limited extent, the question of the sufficiency or insufficiency of the facts stated in appellee's complaint, to constitute a cause of action. We say, to a limited extent, for the reason that there may be cases, in which a complaint would be held insufficient on

demurrer for the want of facts therein, sufficient to constitute a cause of action, where the same complaint would be held sufficient, on a motion in arrest of judgment, upon the ground that the defects in the complaint had been cured by the verdict.

The complaint in this action has been artfully prepared; so much so, as to render it difficult to determine whether the appellee intended to rely, for a recovery in this cause, upon the alleged fact that appellant's railroad was not securely fenced in, as required by the statute, or upon the alleged fact that appellee's mules were killed, and his horse injured, by and through the negligence and carelessness of the appellant's servants and employees. The learning, skill and experience of appellee's attorney forbid us from presuming that he intended to violate the rules of good pleading by stating two causes of action, in a single paragraph of complaint. We have concluded, that appellee's complaint was intended to and did state a single cause of action only, namely, that appellee's mules were killed, and his horse was injured, by reason of the fact that appellant's railroad was not securely fenced in, and that appellant was liable to the appellee for the damages sustained by him in the premises, under and by virtue of the statute. It is very clear, that the averments of the complaint, in relation to the carelessness and negligence of the appellant's servants and employees, in connection with the killing of appellee's mules and the injury of his horse, and the other facts alleged, were not sufficient to constitute a cause of action, at common law, and independently of the statute requiring the fencing in of railroads, against the appellant. This was so, for the reason that the complaint did not contain the necessary averment, that appellee's mules were killed and his horse was injured, without fault or negligence on his part. In the case of *The Indianapolis, etc., R. R. Co.* v. *Robinson,* 35 Ind. 380, it was held by this court, upon the authority

of a number of prior cases, there cited, that a complaint against a railroad company, for negligently killing stock, to be good at common law, must allege that the injury did not result from the negligence of the plaintiff. And the case cited was approved and followed by this court, in the case of *The Jeffersonville, etc., R. R. Co.* v. *Underhill,* 40 Ind. 229, and in the case of *The Jeffersonville, etc., R. R. Co.* v. *Adams,* 43 Ind. 402.

It seems to us, therefore, that all the averments of the appellee's complaint, in the case now before us, of and concerning the carelessness and negligence of appellant's servants and employees, ought to have been, and must be, regarded as mere surplusage. But, in our opinion, the other averments of appellee's complaint stated a good cause of action against the appellant, under the statute, for the killing of appellee's mules, and the injury of his horse. And, therefore, we think that the court below committed no error in overruling the appellant's motion in arrest of judgment.

We will now consider the questions presented by the alleged error of the court below, in overruling appellant's motion for a new trial. There were several alleged causes for a new trial, assigned by appellant in his motion for that purpose. Among these causes was alleged error of the court below, in giving, of its own motion, instructions to the jury trying the cause, numbered respectively 3, 6, 7, 8, 9 and 10, to the giving of which instructions the appellant at the time excepted. Under our view of the appellee's complaint in this case, that it states a cause of action against the appellant, under the statute, and not at common law, the 3d instruction of the court to the jury,— to the effect that if the railroad, where the animals went upon it, was not fenced when it might have been, the appellant was liable for their death or injury, without regard to negligence,—was not objectionable.

The 6th instruction of the court to the jury was in these words:

" 6th. If the place when and where the stock went upon the track was not a proper place to be fenced, it was for the company to *aver* and prove it. In the absence of any such *averment* and proof, you must find that the place was a proper place for maintaining a fence. But the question for you to settle on this branch of the case is, was that part of the track, where the stock was killed, securely fenced?"

This instruction of the court to the jury did not state correctly the law of this State, on the subject of the instruction. No affirmative pleading or averment, that the place was one not proper to be fenced, is necessary, nor has such pleading or averment ever been required. In the case of *The Toledo, etc., R. W. Co.* v. *Owen*, 43 Ind. 405, an action by appellee, against appellant, to recover the value of a cow injured, etc., on appellant's road, an answer, —in which the appellant averred that the cow was injured at a place where appellant was not bound to, and could not lawfully, fence its railroad,—had been struck out on appellee's motion, in the court below; and the correctness of this decision having been properly presented to this court, it was held not be erroneous, for the reason that the matters averred in said answer could be and were given in evidence, under the general denial. This court said; "We do not find that it has been the practice to plead specially the facts going to show that the road could not be fenced." In our opinion, the court below erred in giving this 6th instruction to the jury trying the cause.

Having arrived at this conclusion in reference to the 6th instruction, it is perhaps unnecessary for us to consider the other instructions of the court, which were complained of by the appellant. We may remark, however, that the 7th, 8th and 9th instructions of the court are applicable, almost exclusively, to a case where the stock had been killed or injured, by and through the carelessness or negligence of the company's servants, without any contributory negligence on the part of the owner of the

stock: which case, as we have seen, was not made in this action by the appellee's complaint, as we have construed it. Therefore we hold, that these last instructions were improperly given to the jury in this cause.

Appellant's counsel have discussed, at some length, the character and legal effect of the evidence adduced on the trial. But as our decision will probably result in another trial of this action, and as the evidence then may differ widely from the evidence now in the record, it is not necessary, and perhaps not proper, that we should now consider and decide any question growing out of or connected with the evidence.

In conclusion, for the reasons given, we hold, that the court below erred in overruling the appellant's motion for a new trial of this action.

The judgment is reversed, and the cause is remanded, with instructions to the court below to sustain the appellant's motion for a new trial, and for further proceedings.

Petition for a rehearing overruled at the May term, 1877.