No. 8894.

The Singer Manufacturing Company v. Effinger.

Foreign Corporations.—*Answer in Abatement.*—*Plea in Bar.*—In an action by a foreign corporation on a contract made with it, an answer under oath, that " the plaintiff had not complied with the provisions of an act of the General Assembly " respecting foreign corporations, lacks the precision and certainty of a plea in abatement, and, stating, not facts, but a conclusion only, is insufficient to bar the action.

From the Ripley Circuit Court.

*W. D. Willson* and *C. H. Willson,* for appellant.

*G. Durbin,* for appellee.

Elliott, C. J.—The court below sustained demurrers to two paragraphs of appellant's complaint, and this ruling is assigned as error. We do not deem it necessary to decide whether the paragraphs to which the demurrers were sustained are good or bad; for if good no harm was done appellant, as there were other paragraphs of the complaint, under which all the evidence that would have been competent under the paragraphs held bad could have been introduced.

The complaint is based upon a contract and bond executed by the appellee to the appellant. One of the paragraphs of

answer filed by the appellee is, omitting the merely formal parts, as follows: " The defendant says the plaintiff is a corporation, not incorporated under the laws of the State of Indiana, but is incorporated and organized under the laws of the State of New York; and that at the commencement of this action the plaintiff had not complied with the provisions of an act of the General Assembly of the State of Indiana, entitled 'An act respecting Foreign Corporations and their agents in this State.' Approved June 15th, 1852." The plea is verified.

The answer is in abatement, not in bar. In *The Walter A. Wood, etc., Co.,* v. *Caldwell,* 54 Ind. 270, the question was very fully considered, and it was held that the failure of a foreign manufacturing corporation to comply with the statute would not bar, but would abate, the action. In *Daly* v. *The National Life Ins. Co.,* 64 Ind. 1, and in *The Singer Manufacturing Co.* v. *Brown,* 64 Ind. 548, the case cited is expressly approved. The rule applicable to pleas in abatement is a familiar one, and must govern in this instance. Pleas in abatement are required to be drawn with a high degree of precision and certainty, and this plea falls far below this requirement. But assigning to this answer the character of a plea in bar, it is bad. It states no substantive facts. It states a bare unsupported conclusion. There are many cases, scattered through our reports, holding that the allegation in actions against railroad companies, that " the road was not fenced according to law, is insufficient." *The Indianapolis, etc., R. R. Co.* v. *Bishop,* 29 Ind. 202; *The Pittsburgh, etc., R. W. Co.* v. *Keller,* 49 Ind. 211; *Pittsburgh, etc., R. R. Co.* v. *Brown,* 44 Ind. 409.

This rule is in accordance with a long settled principle of pleading. It is the duty of the pleader to state what acts his adversary has done or omitted to do, and leave it to the court to determine whether there has, or has not, been a compliance with the statute.

Judgment reversed.