No. 12,065.

THE LOUISVILLE, NEW ALBANY AND CHICAGO RAILWAY COMPANY v. WORLEY.

PRACTICE.—*Dismissal of Action.*—A plaintiff may dismiss his action at any time before the jury retire.

SAME.—*Objections Must be Specific to be Available.*—Objections, in order to be available, must be specifically made in the trial court. Mere general objections are not available on appeal.

INTERROGATORIES TO JURY.—*Submission.*—*Practice.*—The prayer for the submission of interrogatories to the jury is not a proper one unless the court is also asked to instruct the jury to answer them in the event that they return a general verdict.

SAME.—*Trial Court May Revise, or Propound Interrogatories of its Own.*—It is proper for the trial court to revise interrogatories submitted by the parties and to prepare and propound for itself interrogatories to the jury.

SAME.—*Questions of Law Improper.*—An interrogatory which asks the jury to decide a question of law is improper.

SAME.— *Railroad.—Animals.— Fencing Track.*—An interrogatory reading: "Could the defendant have lawfully fenced its track at the point" where animals entered upon it, is a question of law.

From the Monroe Circuit Court.

*G. W. Friedley, W. H. Russell, E. K. Millen* and *W. Irvin,* for appellant.

*J. R. East, W. H. East, J. W. Buskirk* and *H. C. Duncan,* for appellee.

ELLIOTT, J.—The appellee's complaint is in one paragraph, and, as originally drawn, sought a recovery for thirteen mules killed by one of the appellant's trains. On the trial it appeared that the mules were killed by different trains and at different times, whereupon the appellee dismissed as to the mules killed by the north bound train, and of the ruling permitting this to be done appellant complains.

There can be no doubt under our statute and our decisions, that a plaintiff may dismiss his action at any time before the jury retire. This general doctrine we do not understand the appellant's counsel to combat; but, as we understand them, their contention is that the court ought to have required the appellee to particularly designate the mules for which a recovery was sought. We do not think the question now argued was so presented to the trial court as to make it available on appeal. A general objection only was made to the plaintiff's motion to dismiss the action as to all the mules killed by the north bound train. The evidence showed very clearly and definitely what mules were killed by the south bound train for which a recovery was asked, and the trial court and the parties were, therefore, fully advised as to the particular animals for which a recovery was sought. Had the appellant desired that the complaint should be made more specific, the appropriate remedy was a motion to that effect, and not a general objection to the appellee's offer to dismiss. The principle runs through all our decisions that objections, in order to be available, must be specifically made in the trial court, and that mere general objections will not be available on appeal.

The appellant submitted to the court interrogatories, and

asked that they should be submitted to the jury, but the court, instead of submitting those asked by the appellant, prepared and submitted interrogatories of its own.   The prayer for the submission of the interrogatories to the jury was not a proper one, for the court was not asked to instruct the jury to answer the interrogatories in the event that they returned a general verdict.   *Taylor* v. *Burk*, 91 Ind. 252.

We have, however, examined the interrogatories, and find that those propounded by the court substantially covered those asked by the appellant, so far as they were competent and material.   Our decisions are that it is proper for the trial court to revise interrogatories submitted by the parties, and to prepare and propound for itself proper interrogatories to the jury.   *Killian* v. *Eigenmann*, 57 Ind. 480.

The court submitted this interrogatory :  " Could the defendant have lawfully fenced its track at the point where said mules entered upon the track ? "   It is contended that this interrogatory is not a proper one, as it calls upon the jury to decide a question of law, and not of fact, and thus casts upon them a duty that the court should perform.   We can perceive no answer to this contention, and appellee's counsel have not suggested any.   Our statute makes it the duty of the court to submit to the jury only questions of fact, and the question here submitted is, it seems to us, one of law.   The purpose of addressing interrogatories to juries is to elicit decisions upon matters of fact, and not to ask them to state conclusions of law.   Whether the track of a railroad company is, or is not, lawfully fenced, is a mere conclusion to be deduced from the facts.   We have repeatedly decided that parties are entitled in special verdicts and in special findings to a statement of the specific facts, and that statements of mere conclusions will not be sufficient.   *Pittsburgh, etc., R. R. Co.* v. *Spencer*, 98 Ind. 186, and authorities cited; *Louisville, etc., R. W. Co.* v. *Balch*, 105 Ind. 93; *Indianapolis, etc., R. W. Co.* v. *Bush*, 101 Ind. 582; *Pittsburgh, etc., R. W. Co.* v. *Adams*, 105 Ind. 151.

That principle governs here. The jury should be required to state facts, and not conclusions of law, and the answer to the question propounded in this instance could be, as it was, nothing more than the statement of the jury's conclusion as to whether the railroad company could lawfully fence its track at the place where the mules entered upon it. Whether it could lawfully fence at that place depended upon the character and surroundings, and when these are fixed the question whether it could be lawfully fenced becomes one of law for the decision of the court. There are many facts which make it improper for a railroad company to fence, as, for instance, the fact that to fence would interfere with the discharge of the company's duty to the public, or would make the place dangerous to its servants, and it is for the jury to state the facts, leaving the law to be applied by the court to the facts found by the jury.

It was held in the case of *Jeffersonville, etc., R. R. Co.* v. *Underhill*, 40 Ind. 229, that an allegation that the railroad was " not fenced according to law," was the statement of a legal conclusion, and this general principle is declared in many cases. *Indianapolis, etc., R. R. Co.* v. *Bishop*, 29 Ind. 202; *Indianapolis, etc., R. R. Co.* v. *Robinson*, 35 Ind. 380; *Pittsburgh, etc., R. R. Co.* v. *Brown*, 44 Ind. 409; *Singer Manufacturing Co.* v. *Effinger*, 79 Ind. 264.

We think it clear on principle and authority that the court erred in submitting the interrogatory under immediate mention to the jury. In view of the fact that the court rejected interrogatories submitted by the appellant, and undertook to substitute those of its own, the error must be regarded as a material one. It would defeat the manifest purpose of the statute to allow conclusions of law, rather than statements of facts, to be made by the jury, for the purpose of the statute is to get upon record the specific and material facts in the form of answers to interrogatories.

Judgment reversed.

Filed May 25, 1886; petition for a rehearing overruled Sept. 17, 1886.