COOPER ET AL. *v.* RAY, AUDITOR.

[No. 18,001.    Filed September 22, 1897.]

DRAINAGE.—*Sale of Allotment, for Construction, by Auditor.—Presumption.*—Where a county auditor, pursuant to section 5673,

Burns' R. S. 1894, proceeds to sell, for construction, an allotment on a ditch established by the board of county commissioners, it will be presumed that such auditor has discharged his duty in every way under the drainage law.  *p. 331.*

SAME.—*Sale of Allotment, for Construction, by Auditor.—Injunction. —Complaint.*—In an action to enjoin a county auditor from selling, for construction, an allotment on a ditch, on the ground that the section of the ditch immediately below has not been completed, the complaint must allege facts showing that such section has not been completed according to the specifications of the report upon which the ditch was established; an allegation that the sections of the ditch below the allotment "have not been constructed and completed as the law required they should be," is a mere conclusion. *p. 331.*

From the Shelby Circuit Court.  *Affirmed.*

*T. B. Adams, Isaac Carter, B. F. Love* and *H. C. Morrison,* for appellants.

*K. M. Hord* and *E. K. Adams,* for appellee.

MONKS, J.—This suit was brought against appellee to enjoin him, as county auditor, from selling, for construction, an allotment on a ditch established by the board of commissioners of Shelby county.  Appellee's demurrer, for want of facts, to the amended complaint was sustained, and appellants refusing to plead further, judgment was rendered on demurrer in favor of appellee.

The only error assigned calls in question the action of the court in sustaining the demurrer to the amended complaint.

The law under which said ditch was established by said board of commissioners, provides that there should be set apart to each parcel of land, and to each corporate road or railroad, and to the township where public highways are benefited, a share of said work in proportion to the benefits which will result to each, from such improvement, and the location of each share, its length in feet, and the estimated number of cubic

yards of earth to be removed therefrom, and the cost per cubic yard, and the cost of construction of each share or allotment separately shall be given, and the manner in which the work shall be done, and the time within which each share or allotment should be constructed and completed shall also be specified. Sections 5656, 5670, Burns' R. S. 1894 (4286, 4300, R. S. 1881). And if any allotment shall not be completed within the time fixed, the same shall be sold by the county auditor to the lowest responsible bidder, and the auditor shall enter into a contract with the person to whom such allotment is sold. Section 5673, Burns' R. S. 1894 (4303, R. S. 1881).

It is the duty of the county surveyor, when notified by any landowner, that his allotment, or by any contractor that his job is completed, to inspect the same, and, if he finds that it is completed according to the specifications of the report on which the ditch was established, he accepts it and gives to the landowner, or in case the job has been sold, to the contractor, a certificate of acceptance, stating that said allotment or job is completed according to the specifications; and if an allotment has been sold to any person not the owner of the land assessed therefor, he shall in addition state the amount due the contractor, for constructing the same, from the owner of the land, which shall be a lien upon the land assessed for such share or allotment, and shall be due and payable immediately by the owner of the land. And when the county surveyor accepts it and issues his certificate of acceptance, he shall file with the county auditor a copy thereof, whereupon said auditor shall charge the amount mentioned in said certificate against the land assessed with such allotment, to be collected as other taxes are collected, together with six per cent. interest. Section 5675, Burns' R. S. 1894 (4305, R. S. 1881).

It is admitted in the amended complaint that the allotment about to be sold by appellee has not been completed, but the excuse therefor is alleged as follows: "That the reason why said portion of said ditch has not been constructed is, that the sections of said ditch below said allotment, from there to the mouth of said ditch, have not been constructed and completed as the law required they should be, but that at one point of said ditch, commencing at section 118 and extending to section 134.50 on said ditch, has not been constructed at all, and that no work has been done on said ditch as located between said points; that the . sections of the ditch immediately below the one offered for sale have only been partly constructed." The presumption is that the appellee as county auditor has discharged and is discharging his duty in every way under the drainage law, and such presumption can only be overcome by such facts as show the contrary. *Racer* v. *State*, 131 Ind. 393, 404, and cases cited. Every fact alleged in the amended complaint could be true and yet appellee be properly discharging the duties imposed upon him by said law. There is no allegation in the amended complaint that the section immediately below the allotment about to be sold has not been completed according to the specifications of the . report upon which the ditch was established. The statement in the amended complaint that the sections of the ditch below the allotment which appellee is about to sell, and from there to the mouth of said ditch, "has not been constructed and completed as the law required they should be," is a mere conclusion, and not the allegation of a fact. *Indianapolis, etc., R. R. Co.* v. *Bishop*, 29 Ind. 202; *Jeffersonville, etc., R. R. Co.* v. *Underhill*, 40 Ind. 229; *Pittsburg, etc., R, W. Co.* v. *Keller*, 49 Ind. 211.

The act of March 4, 1863 (Acts 1863, p. 25), mak-

ing railroad companies liable for stock killed without regard to the question of negligence, provides that "this act shall not apply to any railroad securely fenced in," etc. In actions brought under said act, the court held in the cases cited above that an allegation that defendant's road was not fenced in as required by law was a mere conclusion of law, and not the allegation of a fact. The allegation that "the sections of said ditch immediately below the one offered for sale has only been partly constructed," is not equivalent to an allegation of facts showing that the section immediately below the one about to be sold by the appellee has not been completed according to the specifications of the report upon which the ditch was established. The averment that no work has been done on the ditch from section 118 to section 134.50, "and that the same has not been constructed at all," standing alone, is of no force. It is not alleged that said part of the ditch is immediately below the allotment about to be sold, nor is there anything to show that any work was necessary on that part of the ditch. It may be located in the channel of a natural water course or old ditch, or across or along a depression in the ground, and no work be required to complete it in accordance with the specifications of the report upon which it was established. There are no facts alleged in the amended complaint showing that the section immediately below the allotment about to be sold by appellee has not been completed according to the specifications upon which this ditch was established. If such section was so completed appellee was required by the statute to sell said allotment. As against appellants and in favor of appellee, the presumption is that said section was so completed, and this presumption can only be overcome by the allegations of such facts as show the contrary. Such facts do not appear in the amended complaint.

It is contended by appellee that the amended complaint is also insufficient because the acceptance by the county surveyor of the allotment below the one in controversy, and the certificate thereof, given by the county surveyor under the provisions of section 5695, Burns' R. S. 1894, is conclusive on appellants, and can not be called in question by them in this proceeding. As the amended complaint is insufficient for the reason already stated, we need not, and do not determine as to the correctness of the doctrine urged.

Judgment affirmed.