TERRE HAUTE, INDIANAPOLIS AND EASTERN TRACTION
COMPANY v. CROUSE, ADMINISTRATOR, ET AL.

[No. 22,836. Filed October 6, 1915.]

1. RAILROADS.—*Injury to Animals.*—*Negligence.*—*Evidence.*—In an
action for alleged negligent killing of sheep by defendant's inter-
urban car, evidence showing that the sheep were kept in a pasture
at the side of a highway in which defendant's track was located,
that the gate to the pasture was securely fastened, but that on
the morning of the accident it was found to have been opened
and that the sheep had passed out upon the highway and onto the
track, together with evidence showing the time of day, the condi-
tion of the track, etc., was such that the motorman's view of the
track was unobstructed, though warranting an inference that he
could have seen the sheep in the exercise of ordinary care, had
they been upon the track or in a place near it where they could
have been seen as the car approached, was insufficient to sustain
a verdict for plaintiff in view of the fact that the burden of proof
was on plaintiff and there was no evidence to show that the sheep
were upon the track, or in a position where they could have been
seen by the motorman soon enough for him to have avoided the
injury in the exercise of due care. pp. 494, 495.
2. RAILROADS.—*Injury to Animals.*—*Negligence.*—*Presumptions.*—
Negligence on the part of a railroad company can not be pre-
sumed from the mere fact that live stock is injured or killed by
a car or train on the tracks at a point where the statute does not
require the tracks to be fenced. p. 495.

From Henry Circuit Court; *Ed Jackson,* Judge.

Action by Coleman F. Crouse, administrator of the estate
of Nancy H. Crouse, deceased, and another, against the
Terre Haute, Indianapolis and Eastern Traction Company.
From a judgment for plaintiffs, the defendant appeals.
(Transferred from the Appellate Court under §1405 Burns
1914, Acts 1901 p. 590.) *Reversed.*

*W. H. Latta* and *Forkner & Forkner,* for appellant.
*James L. Shelton,* for appellees.

LAIRY, J.—This action was brought by Coleman F. Crouse
and his mother to recover damages occasioned by the killing
of certain sheep and the injury of other sheep owned by

them.   While the case was pending the death of the mother
was suggested and her administrator was substituted in her
stead.   There was a verdict and judgment for plaintiffs.

Appellant's motion for a new trial was overruled and this
action of the trial court constitutes the basis of the only
error assigned on appeal.   The motion for a new trial was
based on several grounds but the only·one presented on ap-
peal relates to the sufficiency of the evidence' to sustain the
verdict.   The complaint is in two paragraphs, the first of
which is based upon the negligent operation of one of appel-
lant's traction cars by its servants in charge whereby it was
run upon and over the sheep belonging to appellees while
they were on the track in plain view of the motorman in
charge of the car; the second paragraph alleges that the serv-
ants of appellant intentionally and willfully ran the car upon
and over the sheep thereby causing the damage com-
plained of.

Appellees make no claim that the evidence sustains the
second paragraph of complaint so that may be passed with-
out further mention.   As to the first paragraph, the
1.   evidence most favorable to appellees shows that one
of the appellees owns a farm on the north side of the
National Road near Knightstown, and that a flock of sheep
owned by appellees was kept in a pasture field on this farm
adjacent to the road.   The traction line of appellant ran past
this farm on the south side of the National Road and en-
tirely within the limits of the highway.   There was a gate
which opened upon the highway from the pasture which
gate appellees endeavored to keep closed and securely fast-
ened; but notwithstanding the efforts of appellees to keep
this gate closed, it was found to be open on the morning of
November 11, 1911.   It was also found that the flock of sheep
had passed out of this gate upon the highway and had gone
upon the tracks of appellant company and that a passing
traction car had run into the flock killing eleven of the
sheep and injuring three or four others.

Negligence on the part of the railway company can not be presumed or inferred from the mere fact that live stock is injured or killed by a car or train on the tracks of
2. the company at a point where the statute does not require the tracks to be fenced. *Indianapolis, etc., R. Co.* v. *Means* (1859), 14 Ind. 30; note to *Barnowski* v. *Nelson* (1891), 15 L. R. A. 39.

On behalf of appellee, it is claimed that there is some evidence to prove a state of facts which forms a proper basis for an inference that the sheep were on the track at
1. the time the car approached the place or that they were so near the track as to be in danger and that the person in charge of the car saw the danger which threatened them or that he could have seen it by the exercise of ordinary care in time to have avoided the injury by stopping the car or slowing its speed. If the facts proved furnish a proper basis from which all these facts may be legitimately inferred, negligence is proved and the verdict must be upheld even though there be evidence to the contrary.

The evidence shows that the car which struck the sheep approached from the west and that the track was straight and practically level for a considerable distance west of the place and that there was nothing to obstruct the view of any one approaching from that direction. The car passed this place about 5:30 a. m., at which time the day was dawning and witnesses testified that there was sufficient daylight to enable a person to see for a considerable distance. The headlight on the car was still lighted. These facts justify an inference that the motorman by the exercise of ordinary care could have seen a flock of sheep in time to have avoided striking them with the car, provided they were on the track or in a place where they could have been seen near it as the car approached. In order to warrant the inference of negligence, however, the evidence must show that when the car approached, the sheep were in a place where they could have been seen on or near the track. The evidence shows that

there is a narrow lane which leads from the track on the south side of the highway up to a farm gate some distance from the road, and that the sheep were struck by the car just east of the place where this lane opens upon the highway. If the sheep were in this lane as the car approached they could not have been seen by the motorman, and if they became frightened by the approach of the car and ran out on the track in front of it when it was so close upon them that it could not have been stopped, there would be no liability on the part of the company. This is the theory of appellant. The burden rested upon appellee to prove negligence on the part of the servants of appellant, or to prove facts from which such negligence could be rightly and reasonably inferred. Considering the evidence most favorable to appellee and disregarding all evidence favorable to appellant upon this question, what facts are shown which indicate that the sheep were in view on or near the track as the car approached rather than in the lane where they could not have been observed? It is self-evident that they were on the track when they were struck but that does not justify the inference that they were in that position long enough before that to enable the motorman to see them and stop the car. Witnesses who examined the ground on that morning testified that there were sheep tracks in the road, on the track and also in the lane; and that there were droppings on and near the track east of the gate but not in the lane. This would indicate that the sheep had been in that locality for some space of time, but there is no evidence to show how long they had been on the highway before the arrival of the car and this evidence was not sufficient to justify an inference by the jury that they were at that place when the car approached. The motorman and one other witness testifying in behalf of appellant stated that the sheep were not on the track as the car approached but that they came out of the lane upon the track immediately in front of the car and ran along the track and that the motorman was unable to stop the car in time to

avoid striking them. Even though the jury refused to believe these witnesses and wholly disregarded their testimony, still there is a total want of affirmative proof that the sheep were on or near the track in position to be seen by the motorman in time to have enabled him to avoid the injury by the exercise of due care. The evidence fails to sustain the verdict in this particular and the trial court should have granted a new trial. Judgment reversed.

Note.—Reported in 109 N. E. 760. As to duty of railroad companies as to stock wandering onto the track, see 20 Am. St. 161; 49 Am. Dec. 261. As to liability of street railway for injuries to animals running at large, see Ann. Cas. 1913 C 722. See, also, under (1) 33 Cyc. 1290, 1297; (2) 33 Cyc. 1274.